'Chief Justice Marshall
delivered the opinion of the Court.
These four cases come before us on presentments found under the second section of the act of 1834, concerning tavern keepers, &c.¿ Statute Law, 1503. That section enacts “ that 'if any person shall sell, give or loan any spirituous liquor to any slave or slaves, other than his own, unless he be entitled, for the.time being, to the service of such slave or slaves by contract with the master or owner, or unless he have permission to do so from the master or owner, the person so offending shall forfeit and pay ten dollars,” &c. Each presentment charges that the defendant sold liquor to a slave, (designated by name) “ other than his ownbut neither of them negatives or notices either of the other circumstances or qualifications contained in the clause *2 above quoted. And the Circuit Court having determined this omission to be a fatal defect in the presentment, the propriety of that opinion presents the only question which we shall notice.
& presentment made under the second section of the act of 1834; {Staf. Law 1503,) prohibiting the sale or gift of spirituous liquor to slaves, should charge that the vendor or giver was not entitled tb the service of the slave for the time being, nor had he permission to sell or give the liquor.
Harlan, Attorney General, for the Commonwealth.
We consider the qualifications omitted in the pre-, sentment, not as being in the nature of a proviso, or an exemption from the operation of the enacting clause, certain cases embraced within its terms, but as a part of the enacting clause itself — that is, as a part of the description of the offence for which a penalty is 'imposed, and without -which the statutory definition of the offence is not fully given. If it were necessary to recite in the presentment, that part of the statute on which it is founded, the qualifications under notice could not be omitted, any more than that which is contained in^the words, “other than his own.” They are all precisely of the same character as defining the circumstances'essential to constitute the offence. And, as allmust be stated in 'showing what the statutory offence is, so must they all be negatived, either in terms or in substance, in charging an offence under the statute.
If the statute had said: “any person who sells liquor to a slave shall forfeit ten dollars therefor, provided,’ that if the slave be his own,” &c., he shall not be subject to the penalty, the presentment need only have charged the sale of liquor to a slave, without noticing the circumstances which might take the case out of the statute. But the statute does not denounce a penalty for selling to a slave generally, nor even for selling to a slave of which the vendor is not the owner; but for selling to a slave of which he is not the owner, nor entitled to the service of the same, nor has the permission of the master, &c. The fact that these qualifications are in the negative, does not change the principle or the rule of alleging the charge. What effect it should have upon the mode of proof is not now in question.
Wherefore, the judgment in each of the four cases, is affirmed.