## WILLIAM RAN v. COMMONWEALTH.

**Criminal Law—Indictment.**

> In an indictment for the unlawful sale of malt liquor to a minor without the written consent of the father or guardian, it is not necessary to aver that such minor is not the child of the accused, especially where the surname of the child and father are not the same.

### APPEAL FROM WOODWARD CIRCUIT COURT.

January 15, 1876.

OPINION BY JUDGE COFER:

It is averred in the indictment that William Ran unlawfully sold and furnished malt liquor, to wit, ale and beer, to Joe McKendrick, a minor, without the written consent of the father or guardian of

said minor, or other person authorized by law to give such consent. The objection taken to the indictment is that all that is stated therein may be true, and yet the defendant may not be guilty, because, for aught that appears, the minor may be his child. We think differently. Children in this country bear the surname of their father, and it would be carrying the rule that the facts stated in the indictment must negative every hypothesis consistent with innocence a great way to hold that for aught that appears William Ran may be the father of Joe McKendrick. To so hold would be to presume that the son did not bear the surname of the father.

In the case of *Commonwealth v. Kenner,* 11 B. Mon. 1, cited by counsel, there was nothing unreasonable in the conclusion, not negatived by the indictment, that the defendants may have at the time of the alleged offenses been entitled by contract with the owner to the services of the slaves to whom the liquor was sold or given, or may have had the permission of their master to sell or give it to them.

In that case the court said, in substance, that all the circumstances or specifications contained in the statute and which were descriptive of the offense, must "be negatived either in terms, or in substance, in charging an offense under the statute." We think the indictment in this case does, in substance, negative the qualification in the statute under which it was found. Judgment *affirmed.*

*J. W. Gillispie, for appellant.   T. E. Moss, for appellee.*