## Gambill v. Commonwealth.

(Decided February 16, 1911.)

Appeal from Breathitt Circuit Court.

1. Local Prohibitory Act—Amendment.—It was within the power of the Legislature to amend the local prohibitory law in force in Breathitt county by prescribing the method of procedure, the quantity of liquor to be sold and the penalties to be imposed. This it did by section 2558a which, by the express terms; applied not only where the sale of liquor has been prohibited by a vote of the people, under the local option law, but also where it has been prohibited by special act of the General Assembly.

2. Indictment—Proof.—In a prosecution for a violation of the local option law it is not necessary either to allege in the indictment or to prove that the defendant does not come within a class excepted from the provisions of the law. The Commonwealth makes out its case by showing a sale where the local option law is in force. In order to escape punishment the defendant must then show that he is one of the excepted class.

REDWINE & PATTON for appellant.

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for Commonwealth.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Appellant. W. B. Gambill, was indicted by the grand jury of Breathitt county, for the offense of selling spirituous, vinous, malt and intoxicating liquors and mixtures thereof to Berry Turner, "contrary to the local prohibitory laws now in force in said county." The jury found him guilty and fixed his punishment at a fine of $100. From the judgment of conviction he appeals.

Berry Turner, the prosecuting witness, testified that within one year from    the finding of the indictment he purchased from appellant, in Breathitt county, six and one-half gallons of whisky, and paid him therefor. Upon the conclusion of this evidence, appellant asked a peremptory instruction, which the court declined to give. Thereupon appellant testified that he was a registered distiller, and that he sold Berry Turner six and one-half gallons of whiskey which he (appellant) had manufactured. The sale was made at his place of business, and the whiskey was not drunk on his premises or adjacent thereto.

It is insisted by appellant that the only local prohibition law in force in Breathitt county is contained in volume 1, page 127, of the Acts of 1873; that under that act distillers are exempt from its provisions, except in so far as the law then prevailing applied to distillers, and that under the law then prevailing distillers had the right to sell of their own manufacture at their place of business in quantities not less than a quart. In this connection it is insisted that section 2558a has no application to a place where there is a special prohibition law in force, but is confined in its operation to places where the sale of liquor has been prohibited by a vote of the people under the local option law. That section is as follows:

"It shall be unlawful to sell by wholesale any spirituous, vinous, malt or other intoxicating liquors, regardless of the name by which it is called (except manufacturers selling liquors of their own make at the place of manufacture to a wholesale dealer or a licensed retail dealer) in any county, district, precinct, town or city, where the sale of such liquor has been prohibited by special act of the general assembly, or by vote of the people under the local option law. Any person violating this act shall be deemed guilty of violating the local option law, and shall be subject to trial and punishment according to the provisions of the same and its amendments."

It will be observed that, by its express terms, it is made to apply. not only where the sale of liquor has been prohibited by a vote of the people under the local option law, but also where the sale of liquor has been prohibited by a special act of the general assembly. It was within the power of the Legislature to enact this section, and to amend the local prohibition act applying to Breathitt county by prescribing the manner of procedure, the quantity of liquor to be sold, and the penalties to be inflicted. (Thompson v. Commonwealth, 103 Ky., 685; Crigler v. Commonwealth, 120 Ky., 512.) When, therefore, the indictment concluded with the words "contrary to the local prohibition laws now in force in said county," it meant the local prohibition laws as amended by section 2558a. That section applies to all wholesale dealers, except manufacturers selling liquor of their own manufacture at the place of manufacture to a wholesale dealer or a licensed retail dealer. We, therefore, con-

clude that the indictment was sufficient to charge appellant with the offense under the foregoing section of the statute.

It is also insisted that the Commonwealth failed to make out a case against appellant, because it did not show that Berry Turner was not a wholesale dealer or a licensed retail dealer. The law is well settled, however, that in an indictment for a violation of the local option law, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisos it contains. These are matters of defense which the prosecutor need not anticipate. (Combast v. Commonwealth, 125 S. W., 1092; Thompson v. Commonwealth, supra.)    It being unnecessary for the Commonwealth to allege that the defendant does not come within a class excluded from the operation of the statute, it necessarily follows that the Commonwealth is not required to offer any proof to that effect. All that is necessary in such a case is to show that a sale was made. It then devolves upon the defendant to show that he belongs to the excepted class. Following this rule, it was not necessary in the case under consideration for the Commonwealth to show that Berry Turner was not a wholesale dealer and not a licensed retailer. It was incumbent upon appellant to show, not only that he was a manufacturer, but that the prosecuting witness was either a wholesale dealer or a licensed retail dealer. This he failed to do. It follows that his conviction was proper.

Judgment affirmed.