## Smith v. Commonwealth.

(Decided October 20, 1922.)

### Appeal from Daviess Circuit Court.

Intoxicating Liquors—Indictment and Information—Exceptions.—An indictment for unlawfully selling intoxicating liquors under section 2554a-1, Kentucky Statutes, 1922 edition, in order to charge a public offense, must make the negative averment that the sale was not for sacramental, medicinal, scientific or mechanical purposes, but upon a trial when a sale apparently against the general prohibition of the statute is proven, a prima facie case is made out, and if defendant was authorized to make the sale and for one of the purposes excepted from the general prohibition of the statute, the burden devolves upon him of disproving the negative averment, or else it will be taken as true.

FLOYD J. LASWELL for appellant.

CHAS I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Hurt—Affirming.

Paul Smith was indicted for the offense of unlawfully selling intoxicating liquors. A trial resulted in a verdict of guilty by the jury, which, also, fixed his penalty at a fine of $200.00 and imprisonment for a period of thirty days in the county jail, and a judgment was rendered accordingly. A new trial was refused, and he has appealed from the judgment. He relies for reversal of the judgment upon a single ground, and that is, he insists, that the court erred to the prejudice of his substantial rights in overruling a motion made by him to direct a verdict in his favor, at the conclusion of the evidence for the Commonwealth and again at the close of all the evidence.

The indictment, as it must have, to have accused him of a public offense, charged, that he sold the intoxicating liquors to a named person for other than a sacramental, medicinal, scientific or mechanical purpose. In other words the allegations of the indictment negatived the exceptions in the section of the statute which creates the offense of unlawfully selling intoxicating liquors. Section 2554a-1, Ky. Stats., 1922 edition. The ground upon which the appellant rests his contention that the court should have driected a verdict of not guilty, and erred in

refusing to do so, is that the Commonwealth did not prove that the sale of the liquor was not for a sacramental, medicinal, scientific or mechanical purpose, and such being necessary allegations in the indictment, there was a failure of evidence to sustain the indictment and to prove the commission of a public offense. The evidence for the Commonwealth conduced to prove that John and Alva Carter went into the appellant's "soft drink" stand on the 21st of January. That a barber shop occupies the front room of the building, and in the room in the rear of the barber shop is a restaurant and "soft drink" stand, and these rooms are separated by a partition, which has a door in it connecting the rooms. Appellant was in the rear room, and when the Carters went in, John Carter approached appellant and asked for whiskey. Appellant made no reply but drew a bottle from his pocket and poured a drink of whiskey in a glass and handed it to Carter, who drank it and paid appellant twenty-five cents for it.

The Carters remained until John purchased and drank two more drams of whiskey, paying for them twenty-five cents each. The appellant testified, denying that he sold the whiskey to Carter, or that he had any whiskey, and introduced other witnesses who gave testimony which corroborated his. The only issue was whether the sales were made, and appellant denying making the sales, of course, did not undertake to rely for a defense upon the fact that he sold the whiskey for any sacramental, medicinal, scientific or mechanical purpose.

If it was necessary in order to have justified a conviction of the offense charged in the indictment that the Commonwealth should have offered evidence proving that the spirituous liquor, which was sold, was not sold for a sacramental, medicinal, scientific or mechanical purpose, the facts and circumstances developed by the evidence would have sufficiently carried the burden to that effect, as they very satisfactorily prove that Carter did not buy the liquor, nor was it sold to him for any other purpose than to drink it as a beverage.

It is true that to accuse one of the offense of unlawfully selling intoxicating liquors, as denounced by section 2554a-1, Ky. Stats., it is necessary in order to charge the defandant with a public offense to aver in the indictment that the purpose for which the sale was made did not come within one of the exceptional purposes stated in the statute, or in other words to negative the excep-

tions, and that is to aver that it was not sold for a sacramental, medicinal, scientific or mechanical purpose. This has been often so held in accordance with a long line of decisions of this court, and has been applied to the charge of the offense of selling intoxicating liquors under the present statute. Lovelace v. Com., 193 Ky. 425; Dials v. Com., 192 Ky. 440, and numerous other opinions of this court at its present term. We are not of the opinion, however, that in order to sustain a conviction that the Commonwealth must assume the burden and prove that the purpose for which the liquors were sold was not for a sacramental, medicinal, scientific or mechanical purpose. To require the Commonwealth to do this would be to require it to prove a negative, and while the general rule applying to criminal prosecutions is that if a negative averment is an essential to making out the offense, the burden rests upon the Commonwealth to do so, except in the class of negatives which it is almost impossible to prove affirmatively, and the truth of the negative is peculiarly within the knowledge of the defendant, who is able forthwith and without inconvenience to demonstrate by evidence the truth touching it. In such instances when the Commonwealth has proven an act which is forbidden to be done by statute, by all persons, except those of a particular class, or excepting certain qualified persons, a *prima facie* case is made out and the negative averment is taken as true, unless disproved by the defendant. It is a general rule running through the law of evidence that where the negative of an issue does not permit of direct proof, or where the facts are more immediately within the knowledge of the defendant, the burden of proving that such averment is not true rests upon him. Union Central Life Insurance Co. v. Jackson, 195 Ky. 438. As said by Mr. Greenleaf: "But, when the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. Such as in criminal or civil proceedings for a penalty for doing an act which the statutes do not permit to be done, except those who are duly licensed therefor, as for selling liquors, exercising a trade or profession and the like. Here the party if licensed can immediately show it without the least inconvenience; whereas if the proving of the negative were required, inconvenience would be very great."

The above rule has generally been applied in prosecutions for a violation of the laws relating to the sale of intoxicating liquors, where for instance a sale is prohibited by any person, except one of a certain class, as one having a license, a *prima facie* case is made by proof of a sale, and then the burden rests upon the defendant to prove that he is one of that class having a right to sell, and this is true where it is necessary in the indictment to allege that the party has not a license, as formerly, in this jurisdiction.    Haskill v. Commonwealth, 3 B. M. 342; Combast v. Commonwealth, 137 Ky. 495.    The application of the above rule has been so general that in almost every jurisdiction in this country it has been held that where the sale of intoxicating liquors was forbidden by a statute, except by persons having a license, that the proof of a sale constituted a *prima facie* case of violation of the statute, and if defendant was one of those who has a license, it became his duty to prove it, or in other words to disprove the negative averment that he had made the sale without a license.    Williams v. People, 121 Ill. 87; State v. Lipscomb, 52 Mo. 32; State v. McGlynn, 34 N. H. 426; Bell v. State, Tex. Crim. App., 137 S. W. 670.

By the terms of the prohibition act of 1920, as well as the act of 1922, which superseded the former, every person was and is forbidden under a drastic penalty to make a sale of intoxicating liquors for any purpose other than a sacramental, medicinal, scientific or mechanical purpose, and only certain classes of persons who have qualified to do so, by having complied with certain regulations prescribed by the Federal authorities, and, in instances, by the state laws, are authorized to make a sale of intoxicating liquors for the purposes excepted from the general prohibition of the statute, and in most instances a sale can not be made for any of those excepted purposes, except to persons who have qualified themselves under governmental laws and regulations to become purchasers. It is at once apparent, that, if the burden rested upon the Commonwealth, in the instance of every sale, to prove that the liquor was not sold for a sacramental, medicinal, scientific or mechanical purpose, that the evidence would take a very wide range and necessitate the bringing into court of the records and the officials of the state and Federal governments, who have charge of qualifying persons to sell intoxicating liquors,

as well as in some instances to purchase, and thus imposing a great and useless burden upon the state, as well as in some instances an impossibility; when the defendant, if he has been authorized to sell intoxicating liquors for one of the purposes excepted from the prohibition, can conveniently prove it, and it is a fact peculiarly within his knowledge, and the means of proving it are readily at his hand. Further, if the defendant has not been authorized to sell liquors, the issue is simplified and the trial rid of much that is calculated to confuse. The authority to sell intoxicating liquors under the prohibition laws for one of the purposes excepted from the general prohibition is not dissimilar from a license in former times when prohibition did not exist, and no reason is apparent why a different rule of evidence should be applied to it. Hence, whatever is required in any other class of cases, when a sale of intoxicating liquors is proven, and which is apparently a violation of the statute a *prima facie* case of a violation of the statute is made, and it then devolves upon the defendant to prove that he is authorized to sell, and sold it for a lawful purpose, otherwise, the negative averment in the indictment that the sale was not for one of the purposes excepted from the general prohibition will be taken as true.

The judgment is therefore affirmed.