# Smith v. Commonwealth

**May 26, 1950.**

R. C. Tartar, Judge.

Fritz Krueger for appellant.

A. E. Funk, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

JUDGE REES—Affirming.

The appellant, Fred Smith, was convicted of the offense of carrying concealed a deadly weapon on or about his person, and his punishment was fixed at confinement in the penitentiary for a period of two years. Appellant and three companions were arrested on another charge, and when searched a 45-calibre pistol was found on appellant's person. The two arresting officers testified that the pistol was concealed. The sole contention made on this appeal is that the trial court should have peremptorily instructed the jury to find the appellant not guilty on the ground that the Commonwealth failed to introduce any proof to show that he was not within the exception incorporated in the clause of the statute defining the crime.

Subsection (1) of section 435.230 of the Kentucky Revised Statutes provides: "Any person, not expressly authorized by law, who carries concealed a deadly weapon, other than an ordinary pocket knife, on or about his person * * * shall be confined in the penitentiary for not less than two nor more than five years." Subsection (2) names numerous officers and others who may carry concealed deadly weapons on or about their persons. Appellant relies upon a familiar rule of statu-

tory construction to the effect that where an exception is incorporated in the clause of a criminal statute defining the crime, it is incumbent upon the prosecution to allege in its indictment and to prove that the accused is not within the exception, but where the exception is in a subsequent clause or separate statute it is a matter of defense. It seems to have been based on the theory that when the exception is embodied in the clause defining the crime, it becomes, because of that fact alone, a part of the description of the offense. The rule originated in England, and the English decisions served as precedents in the early decisions in this country. It has been the source of much judicial discussion as a reference to the annotation in 153 A. L. R. 1218 will disclose. In construing criminal statutes in which the clause defining the crime contains an exception, this court, prior to the 1942 amendment to section 126 of the Criminal Code of Practice, uniformly recognized the rule that the prosecution must allege in its indictment that the defendant is not within the exception. Kentucky Utilities Co. v. Commonwealth, 274 Ky. 151, 118 S. W. 2d 158; Commonwealth v. Louisville & N. R. Co., 140 Ky. 21, 130 S. W. 798; Commonwealth v. Kenner, 50 Ky. 1, 11 B. Mon. 1. A qualification of the general rule that the prosecution must produce evidence that the accused is not within the exception negatived in the indictment is recognized by this and other courts, and that qualification is that the burden of going forward with the evidence is upon the accused where the exempting fact is peculiarly within his knowledge. Smith v. Commonwealth, 196 Ky. 188, 244 S. W. 407, 408. In discussing the qualification of the general rule, the court, in the Smith case, said: "In such instances when the commonwealth has proven an act which is forbidden to be done by statute, by all persons, except those of a particular class, or excepting certain qualified persons, a prima facie case is made out, and the negative averment is taken as true, unless disproved by the defendant. It is a general rule running through the law of evidence that where the negative of an issue does not permit of direct proof, or where the facts are more immediately within the knowledge of the defendant, the burden of proving that such averment is not true rests upon him."

The present case, without giving any consideration to the 1942 amendment to section 126 of the Criminal

Code of Practice, falls within this qualification of the general rule. Section 126 of the Criminal Code of Practice, was amended in 1942 by adding several subsections, including subsection 2 which reads: "No indictment for an offense created or defined by statute shall be invalid or insufficient merely for the reason that it fails to negative any exception, excuse or proviso contained in the statute creating or defining the offense."

Since the prosecution is not now required to negative the exception in its indictment, it necessarily follows that the burden is on the defendant to introduce evidence tending to show that he is in the excepted class. In Gambill v. Commonwealth, 142 Ky. 312, 134 S. W. 160, 161, the court said: "It being unnecessary for the commonwealth to allege that the defendant does not come within a class excluded from the operation of the statute, it necessarily follows that the commonwealth is not required to offer any proof to that effect."

Judgment is affirmed.