**Ray DUVALL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 26, 1979.

Rehearing Denied Jan. 4, 1980.

Discretionary Review Denied March 4, 1980.

James E. Boyd, William L. Brooks, Coles, Boyd & Brooks, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Elizabeth E. Blackford, Asst. Atty. Gen., Frankfort, for appellee.

Before WHITE, GANT and WINTER-SHEIMER, JJ.

WHITE, Judge.

This is an appeal from a conviction under KRS 527.040 by which judgment appellant received a sentence of five years in prison. Upon initial consideration, this Court reversed that sentence based upon *Whorton v. Commonwealth*, 570 S.W.2d 627 (1978), rev'd 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979). Upon reversal of the *Whorton* case, the Supreme Court of Kentucky vacated our original *Duvall* opinion on September 18, 1979; therefore, we hereby reconsider the case on all points appealed.

During the week of October 25, 1977, appellant, a convicted felon, was given a pistol to hold for another individual. Subsequently, on October 30, 1977, this weapon was used by appellant to wound fatally his assailant during the course of an attack. Appellant was charged and tried for murder and for being a convicted felon in possession of a handgun (KRS 527.040). Although appellant was acquitted of the mur-

der charge based on a plea of self-defense, he was convicted under KRS 527.040.

Three issues are raised on appeal:

1) Did the trial court err in refusing to instruct the jury on the law of "choice of evils" pursuant to KRS 503.030;

2) Did the Commonwealth succeed in proving all the elements required of it under KRS 527.040; and

3) Did the trial court err in refusing the requested jury instruction on the presumption of innocence.

KRS 503.030 states:

(1) Unless inconsistent with the ensuing sections of this code defining justifiable use of physical force or with some other provisions of law, conduct which would otherwise constitute an offense is justifiable when the defendant believes it to be necessary to avoid an imminent public or private injury greater than the injury which is sought to be prevented by the statute defining the offense charged, except that no justification can exist under this section for an intentional homicide.

(2) When the defendant believes that conduct which would otherwise constitute an offense is necessary for the purpose described in subsection (1), but is wanton or reckless in having such belief, or when the defendant is wanton or reckless in bringing about a situation requiring the conduct described in subsection (1), the justification afforded by this section is unavailable in a prosecution for any offense for which wantonness or recklessness, as the case may be, suffices to establish culpability.

■■■ The option provided by this section must be a choosing on the part of the defendant which is sufficiently contemporaneous with the offense sought to be justified so as to be considered a part of the res gestae. In the face of the facts of this case, we are unpersuaded by appellant's argument that he was confronted with a choice of engaging in conduct defined as criminal, *i. e.* possession of a handgun, or suffering the consequences of serious physical injury or possibly death at the hands of the deceased.

Had the appellant been charged with the offense described in KRS 527.020 (Carrying a Concealed Weapon) rather than the charge of 527.040, we believe he may have been entitled to such an instruction. However, the evidence in this case is clear by appellant's own admission that he came into actual, physical custody and control of the deadly weapon at least two days prior to the altercation. At such time, appellant could not have known there would be a subsequent altercation or the necessity of exercising the choice of self-defense. Thus, he is precluded from the option provided by "choice of evils." We therefore find no error in the trial court's rejection of this instruction.

■■■ In dealing with the interpretation of KRS 527.040, the offense for which appellant was convicted, we hold that the elements of the crime therein charged are (1) possession of a handgun (2) by a convicted felon. We cannot and do not adopt appellant's argument that the words "and has not (a) Been granted a full pardon by the governor or by the President of the United States" are an element of the crime which must be proved before conviction can be sustained. Rather, this is a *negative issue.*

It is a general rule running through the law of evidence that where the negative of an issue does not permit of direct proof, or where the facts are more immediately within the knowledge of the defendant, the burden of proving that such averment is not true rests upon him. *Smith v. Commonwealth,* 196 Ky. 188, 244 S.W. 407, 408 (1922).

It being unnecessary for the commonwealth to allege that the defendant does not come within a class excluded from the operation of the statute, it necessarily follows that the commonwealth is not required to offer any proof to that effect.

*Gambill v. Commonwealth*, 142 Ky. 312, 134 S.W. 160, 161 (1911).

In the more recent case of *Smith v. Commonwealth*, 313 Ky. 113, 230 S.W.2d 478, 479 (1950), the above principles were reiterated and approved, and we hold that same are applicable to the facts of this case.

Appellant's argument is further negated by the fact that he, a former Frankfort city policeman, voluntarily stated in his direct examination in chief that he knew he was precluded from possessing a handgun. "I told Cecil, I said 'Cecil, I'm on parole. I can't fool (with) guns. I'm not allowed to have them.'" It seems quite clear to us that a person cannot hold the status of being pardoned and paroled at the same time for a single felony offense. Thus, the trial court was correct in denying the motion for a directed verdict.

■ Concerning the denial of the presumption of innocence instruction, in considering the case as a whole and the admissions with reference to the facts, there was no need to give the instruction. This case turned on the technicalities of the law itself and did not involve a swearing match regarding the factual elements; the evidence of guilt was overwhelming and all but admitted. Thus, the omission of the requested instruction was harmless error at worst and certainly not a deprivation of due process of law.

For the foregoing reasons, the conviction under KRS 527.040 is affirmed.

All concur.