**Mickey Dale BEASLEY, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Court of Appeals of Kentucky.

June 5, 1981.

Jack Emory Farley, Public Advocate, Frankfort, (James W. Gardner, Dean W. Bucalos, Brown, Bucalos & Gardner, Lexington, of counsel), for appellant.

Steven L. Beshear, Atty. Gen., Alan J. George, Asst. Atty. Gen., Frankfort, for appellee.

Before WHITE, HOWARD and REYNOLDS, JJ.

WHITE, Judge.

The appellant, Mickey Dale Beasley, appeals from his conviction of first-degree bail jumping in the Lyon Circuit Court for which he received a sentence of two years' imprisonment.

The appellant argues that he was denied the right to present a defense because the trial court refused to give his tendered instructions on the justification of "choice of evils" and on the defense found in KRS 520.070(2).

Appellant was indicted in the Lyon Circuit Court for burglary and theft allegedly committed on April 12, 1980, and after arraignment a trial date was set for June 12, 1980. Appellant executed a pretrial release bond on May 16, 1980, binding himself to appear for trial on June 12, 1980. On the date of trial appellant failed to answer whereupon a bench warrant for his arrest was issued. On July 11, 1980, appellant was indicted for first-degree bail jumping. His trial was conducted on October 22, 1980, at which time he was convicted and sentenced to two years in the penitentiary. On October 20, 1980, appellant's counsel moved for the trials to be separated since the Commonwealth was asking for trial on both the burglary and theft indictment together with this bail jumping charge. The court sustained the appellant's motion for separate trials. At the trial, upon appellant's motion, no evidence of the former charge was to be mentioned except that the Commonwealth would be permitted to show the appellant jumped bail while under indictment for a felony unnamed and not specified.

The evidence heard by the jury which was aimed at establishing the justification of "choice of evils" was to the effect that the appellant jumped bail because he thought that he would not receive a fair trial, as his case was in Lyon County and he lived outside the county. KRS 503.030 states that:

... conduct which would otherwise constitute an offense is justifiable when the defendant believes it to be necessary to avoid an imminent public or private injury greater than the injury which is sought to be prevented by the statute defining the offense charged ....

Justifiable conduct on the part of an offender is conditioned upon at least four different contingencies:

(1) that the person believes the necessity of his action is mandated by his subjective value judgment (this must be weighed by the reasonableness standard);

(2) that such action must be contemporaneous with the danger of injury sought to be avoided. See Duvall v. Commonwealth, Ky.App., 593 S.W.2d 884 (1980);

(3) that the injury is imminent, requiring an immediate choice if to be avoided; and

(4) that the danger or injury sought to be avoided must be greater than the penalty or offending charge occasioned by the action chosen by the party.

It is also to be noted that since "choice of evils" is a defense it is incumbent upon the defendant to bear the burden of proving this defense.

Here the appellant attempts to use the statute as an excuse buttressed only by his assertion that since he lived outside Lyon County he could not receive a fair trial. That a duly constituted trial based upon an indictment could be argued to be an "imminent injury" stretches the definition to an extent not anticipated by the

legislature or this Court. Whether such trial would be *unfair* may have been contemplated in this kind of defense; but if so, it would certainly be the burden of the defendant to show how.

 The defense counsel is to be complimented on the strategy used to keep the original charge from the jury by the separation of trials, but by the same token it is of little help to us to weigh the absence of such proof in the light of this appeal in the interpretation of the statute. Although we are aware of the aggravated conditions surrounding some factual situations that might enhance burglary into a greater felony, we have no way of determining those in the situation before us. Appellant has failed to preserve that error, if any occurred. We note also that the statement in the record includes burglary and theft. Both of these charges are class D felonies. First-degree bail jumping is also a class D felony. Since the original charges as class D felonies are not greater than the bail jumping charge, we cannot help but hold that the statute herein does not apply and cannot avail to the appellant's benefit.

Appellant also argues that he should have been permitted an instruction under KRS 520.070(2), which provides that: "In any prosecution for bail jumping, the defendant may prove in exculpation that his failure to appear was unavoidable and due to circumstances beyond his control." Appellant did not specifically object as to the lack of an instruction based on KRS 520.-070(2). However, he did "object to these instructions and not having a choice of evil instruction." Since the appellant did object that the instructions did not adequately present his defense, it appears that the question was preserved for review. *Cooley v. Commonwealth*, Ky., 459 S.W.2d 89 (1970). However, appellant's argument is without merit. As appellee correctly argues, the circumstances surrounding appellant's failure to appear were entirely within his control. His failure to appear was not unavoidable.

For the reasons hereinbefore stated, the judgment and sentence of the Lyon Circuit Court is affirmed.

All concur.