Richard SENAY, Movant,

v.

COMMONWEALTH of Kentucky,
Respondent.

Supreme Court of Kentucky.

May 11, 1983.

Jack Emory Farley, Public Advocate,
Mark A. Posnansky, Asst. Public Advocate,
Frankfort, for movant.

Steven L. Beshear, Atty. Gen., Paul E.
Reilender, Jr., Asst. Atty. Gen., Frankfort,
for respondent.

A.J. JOLLY, Special Justice.

Movant was convicted by a judgment of
the Hopkins Circuit Court of the offense of
possessing a hand gun by a convicted felon
as condemned by KRS 527.040 and was
sentenced to five years in prison. This
judgment of conviction was affirmed by the
Court of Appeals and we granted review.

In support of the appeal which we
review, Movant asserts that KRS 527.040,
condemning the possession of a hand gun

by a convicted felon, violates Section 1(7) of the Kentucky Constitution. Movant having failed to assert this matter in the trial court, we agree with the Court of Appeals, and hold that this matter was not properly reserved for its or our review. *Brown v. Commonwealth,* Ky., 551 S.W.2d 557 (1977); *McDonald v. Commonwealth,* Ky., 554 S.W.2d 84 (1977).

■ He also contends that the trial court erred in refusing to instruct the jury on the affirmative defense of "choice of evils" as defined by KRS 503.030. While we agree that under certain circumstances such defense may be available to one so charged, nevertheless we hold that the defense is not appropriate under the specific facts of this case. Thus, the trial court's refusal to instruct on the defense was not error, and we affirm the opinion of the Court of Appeals upholding the conviction.

Movant admitted that he was a convicted felon and that he did in fact possess a hand gun from November 9, 1979 until January 3, 1980. He sought to justify this act upon the assertion that one, Jerry Lewis, had threatened his life and that he acquired and retained the hand gun as protection against the danger posed by that threat.

He testified that while he was in jail on another charge, Lewis offered to go his bond if he agreed to refrain from giving evidence to the Commonwealth which would incriminate Lewis; that in connection with these negotiations Lewis contacted Movant's brother-in-law and stated that if Movant gave such evidence he would kill Movant. This threat was communicated to Movant by the brother-in-law.

On November 9th, Lewis went Movant's bond and he was released from jail. Upon being released from jail Movant gave information to the State Police tending to incriminate Lewis.

On November 10, 1979, the day after his release from jail, Movant procured the hand gun so as to protect himself from Lewis. Movant kept the gun until January 3, 1980 on which day he sold the gun to one Maggard. During this period Lewis did not personally threaten Movant and the evidence does not indicate that Lewis attempted to otherwise harm Movant.

■ The "choice of evils" defense which has its roots in the common law doctrine of necessity, has long been recognized as a defense to a charge predicated upon an act which otherwise would be criminal. See 21 Am.Jur.2d *Criminal Law* Section 14.8, page 283; *Nall v. Commonwealth,* 208 Ky. 700, 271 S.W. 1059 (1925). This defense has been codified in Kentucky by KRS 503.030 which reads in pertinent part:

"... . [C]onduct which would otherwise constitute an offense is justifiable when the defendant believes it to be necessary to avoid an *imminent public or private injury* greater than the injury which is sought to be prevented by the statute defining the offense charged ... ." (Emphasis added).

For this defense to be available here or in justification of any act which is otherwise condemned by the Criminal Code, it must be shown that defendant's conduct was necessitated by a specific and imminent threat of injury to his person under circumstances which left him no reasonable and viable alternative, other than the violation of the law for which he stands charged. See *People of the State of Colorado v. Robertson,* 36 Colo.App. 367, 543 P.2d 533 (1975).

■ We do not say as a matter of law that in every case the option provided by KRS 503.030 must be a choosing on the part of the defendant so contemporaneous with the offense sought to be justified that it must be considered as a part of the res gestae as held in *Duvall v. Commonwealth,* Ky.App., 593 S.W.2d 884 (1980). However, the danger presented to the defendant must be compelling and imminent, constituting a set of circumstances which affords him little or no alternative other than the commission of the act which otherwise would be unlawful. The defense does not provide a convicted felon the right to arm himself in anticipation of a shootout.

■ Where a defendant fails to produce evidence which would support him in choosing the commission of an otherwise unlawful act over other lawful means of protect-

ing himself, the trial court is not required to instruct the jury on the choice of evils defense. *United States v. Saettele,* 585 F.2d 307 (8th Cir.1978).

Consequently as here, where the Movant shows no direct threat of injury to himself or imminent peril necessitating the possession of a hand gun but asserts only a general fear posed by a single threat communicated through a third person, the possession of the hand gun over a two-month period was unlawful. Thus, the trial court properly refused to give the tendered instruction. *Beasly v. Commonwealth,* Ky.App., 618 S.W.2d 179 (1981).

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., AKER, LEIBSON, STEPHENSON and VANCE, JJ., and UHEL O. BARRICKMAN and A.J. JOLLY, Special Justices, sitting.

All concur.