**Michael PEAK, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 1999–CA–001949–MR.

Court of Appeals of Kentucky.

Nov. 22, 2000.

Elizabeth Shaw, Richmond, KY, for Appellant.

Albert B. Chandler, III, Attorney General, Rickie L. Pearson, Assistant Attorney General, Frankfort, KY, for Appellee.

Before BUCKINGHAM, COMBS, and JOHNSON, Judges.

1. Kentucky Revised Statutes.

2. Peak was also convicted of possession of drug paraphernalia in violation of KRS 218A.500(2) and was sentenced to twelve

*OPINION*

**BUCKINGHAM, Judge:**

Michael Peak appeals from a judgment of the Butler Circuit Court wherein he was convicted of marijuana cultivation of five or more plants, second offense, in violation of KRS [1] 218A.1423 and was sentenced to seven years in prison.[2] In this appeal, Peak claims that the trial court erred when it refused to allow him to present a medical necessity or lesser evil defense and when it refused to instruct the jury on those defenses. He also challenges the constitutionality of KRS 218A to the extent that it makes the cultivation, possession, or use of marijuana illegal. Having considered the record, the arguments of counsel, and the applicable law, we affirm.

Without reciting the entire facts in this case, suffice it to say that Peak was caught growing approximately fourteen marijuana plants near the Green River in Butler County. At trial, he admitted facts constituting the elements of the offense of marijuana cultivation. He further testified, however, that he smoked marijuana as a treatment for depression and to alleviate his pain from headaches. He contends the trial court erred in not allowing him to present a medical necessity or choice of evils defense and in not instructing the jury accordingly.

The pertinent statute regarding a choice of evils defense reads as follows:

Unless inconsistent with the ensuing sections of this code defining justifiable use of physical force or with some other provisions of law, conduct which would otherwise constitute an offense is justifiable when the defendant believes it to be necessary to avoid an imminent public or private injury greater than the injury which is sought to be prevented by the statute defining the offense charged, ex-

months in the county jail on that charge. The sentences for the two crimes were ordered to run concurrently with each other.

cept that no justification can exist under this section for an intentional homicide. KRS 503.030(1). A defendant bears the burden of proving a choice of evils defense, and justifiable conduct is conditioned upon at least the following four different contingencies:

(1) that the person believes the necessity of his action is mandated by his subjective value judgment (this must be weighed by the reasonableness standard);

(2) that such action must be contemporaneous with the danger of injury sought to be avoided. *See Duvall v. Commonwealth*, Ky.App., 593 S.W.2d 884 (1980);

(3) that the injury is imminent, requiring an immediate choice if to be avoided; and

(4) that the danger or injury sought to be avoided must be *greater* than the penalty or offending charge occasioned by the action chosen by the party.

*Beasley v. Commonwealth*, Ky.App., 618 S.W.2d 179, 180 (1981).

■ Peak clearly could not meet his burden of proving justifiable conduct because he could not show that the "injury" was imminent. In order for the choice of evils defense to be available, "it must be shown that defendant's conduct was necessitated by a specific and imminent threat of injury to his person under circumstances which left him no reasonable and viable alternative, other than the violation of the law for which he stands charged." *Senay v. Commonwealth*, Ky., 650 S.W.2d 259, 260 (1983). The court in *Senay* further stated that "the danger presented to the defendant must be compelling and imminent, constituting a set of circumstances which affords him little or no alternative

other than the commission of the act which otherwise would be unlawful." *Id.* "Where a defendant fails to produce evidence which would support him in choosing the commission of an otherwise unlawful act over other lawful means of protecting himself, the trial court is not required to instruct the jury on the choice of evils defense." *Id.* at 260–61.

Peak did not allege at trial that he was attempting to avoid an imminent physical injury when he grew the marijuana. Rather, he stated that he was trying to alleviate chronic problems of depression and headaches. Furthermore, Peak did not present evidence or testimony that he did not have reasonable alternatives to cultivating marijuana as a means of medical treatment for his physical ailments. In short, Peak lacked a sufficient evidentiary basis to either present a choice of evils defense or request such an instruction. The trial court did not err in this regard.

■ Peak also contends that the trial court erred in not allowing him to present a defense of "medical necessity" and in not giving such an instruction to the jury. However, he has cited no authority recognizing such a defense to a criminal charge. Likewise, it does not appear to us that medical necessity has been recognized in Kentucky as a defense to a criminal charge. Therefore, we hold the trial court did not err in this regard.[3]

■ Finally, Peak argues that the trial court erred when it refused to declare KRS 218A unconstitutional with respect to marijuana. During the pendency of this appeal, the Kentucky Supreme Court rendered an opinion in *Commonwealth v. Harrelson*, Ky., 14 S.W.3d 541 (2000), which held that the statute is constitutional with respect to the criminalization of mari-

---

3. Medical necessity has apparently been recognized by some courts and by some authority. *See United States v. Burton*, 894 F.2d 188, 191 (6th Cir.1990). In *Burton*, the Sixth Circuit held that a medical necessity defense was not available to a defendant in Kentucky who was convicted of three counts of possession of

marijuana but who claimed that he grew and used marijuana to relieve the symptoms of glaucoma. The court stated that the requirements for raising the defense included that the danger must be imminent and that no reasonable legal alternative to violating the law is available. *Id.*

juana. *Id.* at 547. We are, of course, bound by this precedent. *See* SCR[4] 1.030(8)(a). Alternatively, Peak asserts that marijuana should be reclassified as a Schedule II drug rather than a Schedule I drug because of its medical properties. This same argument was raised and rejected in the *Burton* case because "reclassification is clearly a task for the legislature and the attorney general and not a judicial one." *Burton*, 894 F.2d at 192.

The judgment of the Butler Circuit Court is affirmed.

ALL CONCUR.

---

4. Rules of the Supreme Court.