George LAPRADD, Jr., Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2009–SC–000214–DG.

Supreme Court of Kentucky.

March 24, 2011.

Bruce P. Hackett, Daniel T. Goyette, Louisville Metro Public Defender, Louisville, KY, Counsel for Appellant.

Jack Conway, Attorney General, Joshua D. Farley, Assistant Attorney General, Attorney General's Office, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice SCHRODER.

The issue in this criminal appeal is the burden of proof and how the jury is to be instructed when a choice of evils defense is raised pursuant to KRS 503.030. Because the jury instructions improperly failed to place the burden of proof on the Commonwealth to show that the defendant was not privileged to take the action he did pursuant to a choice of evils, we reverse the conviction for possession of a handgun by a convicted felon and PFO II, and remand for further proceedings.

On March 20, 2006, police officers observed George LaPradd and other individuals standing around a stolen vehicle. Upon seeing the police, LaPradd began walking away from the car. When La-Pradd was stopped and searched, a loaded handgun was discovered in his pocket. LaPradd was thereafter indicted for possession of a handgun by a convicted felon, carrying a concealed deadly weapon, and for being a persistent felony offender in the second degree ("PFO II").

During the trial, LaPradd admitted possessing the handgun, but testified that he

picked up the gun to prevent teenagers around the car from obtaining it and using it against him or others at the scene. At the close of trial, defense counsel sought a jury instruction on the misdemeanor offense of carrying a concealed deadly weapon, but the trial court refused and stated that it was essentially issuing a directed verdict of acquittal on the charge.

Defense counsel also requested an instruction on the defense of choice of evils pursuant to KRS 503.030. LaPradd argued that the instruction should be included as an element of the offense of possession of a handgun by a convicted felon, because the Commonwealth had the burden to prove that the defense was not available to him. Although the trial court issued a choice of evils instruction, the instruction was not included as an element in the possession of a handgun by a convicted felon instruction, but was given under a separate instruction. The separate instruction, Instruction No. 2, read as follows:

> Even though the defendant might otherwise be guilty of Possession of a Handgun by a Convicted Felon under Instruction No. 1, you shall find him not guilty under that Instruction if at the time he possessed the firearm, he believed:
>
> (a) that his action in picking the gun up from the ground was necessary to avoid being shot, or to prevent someone else, including the police officers, from being shot AND
>
> (b) that he had no reasonable, viable alternative then he was privileged to take such action as he believed necessary to protect himself and others, including the police officers, from being shot PROVIDED HOWEVER
>
> (c) if you believe from the evidence beyond a reasonable doubt that the Defendant, by his own conduct, brought about the situation requiring

him to choose the course which he took, then this defense of Choice of Evils is not available to him.

LaPradd was found guilty of possession of a handgun by a convicted felon. LaPradd thereafter waived jury sentencing, pled guilty to the PFO II, and accepted an enhanced sentence of twelve years' imprisonment.

On appeal to the Court of Appeals, LaPradd argued that the trial court erred in failing to include the choice of evils instruction as an element of the possession of a handgun instruction. LaPradd maintained that the choice of evils instruction as given—in a separate instruction with no reference to it in the preceding instruction on the elements of the possession of a handgun offense—erroneously put the burden of proof on LaPradd to prove that he was entitled to the defense. The Court of Appeals affirmed, agreeing that LaPradd was entitled to a choice of evils instruction, but ruling that the instruction as given was correct because it did not shift the burden of proof away from the Commonwealth and followed the choice of evils instruction provided in 1 *Cooper, Kentucky Instructions to Juries (Criminal)* § 11.28 (rev. 4th ed.1999) (hereinafter *"Cooper's Instructions"*). We granted discretionary review to address the arguments regarding the instruction on a choice of evils defense.

The choice of evils defense is included in KRS Chapter 503, General Principles of Justification, and is defined in KRS 503.030(1) as follows:

> Unless inconsistent with the ensuing sections of this code defining justifiable use of physical force or with some other provisions of law, conduct which would otherwise constitute an offense is justifiable when the defendant believes it to be necessary to avoid an imminent public or private injury greater than the injury

which is sought to be prevented by the statute defining the offense charged, except that no justification can exist under this section for an intentional homicide.

KRS 503.020 makes clear that, "[i]n any prosecution for an offense, justification, as defined in this chapter, is a defense."

KRS 500.070 establishes the burden of proof in criminal cases as follows:

(1) The Commonwealth has the burden of proving every element of the case beyond a reasonable doubt, except as provided in subsection (3). This provision, however, does not require disproof of any element that is entitled a "defense," as that term is used in this code, unless the evidence tending to support the defense is of such probative force that in the absence of countervailing evidence the defendant would be entitled to a directed verdict of acquittal.

(2) No court can require notice of a defense prior to trial time.

(3) The defendant has the burden of proving an element of a case only if the statute which contains that element provides that the defendant may prove such element in exculpation of his conduct.

Regarding the burden of proof in a case where a defense under KRS Chapter 503 is asserted, the Court in *Commonwealth v. Hager* stated:

Once evidence is introduced which justifies an instruction on self-protection or any other justification defined in KRS [C]hapter 503, the Commonwealth has the burden to disprove it beyond a reasonable doubt, and its absence becomes an element of the offense. KRS 500.070(1), (3), and 1974 Commentary thereto; *Brown v. Commonwealth*, Ky., 555 S.W.2d 252, 257 (1977). The burden of proof is assigned by including as an element of the instruction on the offense "that he was not privileged to act in self-protection." E.g., 1 Cooper, *Kentucky Instructions to Juries (Criminal)*, § 3.21 (4th ed. Anderson 1993).

41 S.W.3d 828, 833 n. 1 (Ky.2001).

The Court in *Brown v. Commonwealth* distinguished the affirmative defenses, where the Commonwealth has the burden of proof to negate the defense, from the exculpation defenses (e.g., insanity), where the defendant has the burden to prove the defense and the absence of the defense is not an element of the offense. 555 S.W.2d 252, 257; see KRS 500.070 and 1 *Cooper, Kentucky Instructions to Juries (Criminal)* § 1.03 (rev. 4th ed.1999).

Relying on *Beasley v. Commonwealth,* 618 S.W.2d 179, 180 (Ky.App.1981) and *Peak v. Commonwealth,* 34 S.W.3d 80, 82 (Ky.App.2000), the Commonwealth maintains that the defendant has the burden of proving the choice of evils defense, not the Commonwealth. In *Beasley,* the appellant likewise argued that he was entitled to an instruction on the choice of evils. 618 S.W.2d at 180. In affirming the lower court, the Court of Appeals stated, without any citation of authority, "It is also to be noted that since 'choice of evils' is a defense it is incumbent upon the defendant to bear the burden of proving this defense." *Id.* In *Peak,* a subsequent case where the appellant likewise argued he was improperly denied an instruction on the choice of evils, the Court of Appeals parroted the aforementioned language from *Beasley,* when it stated, "A defendant bears the burden of proving a choice of evils defense...." 34 S.W.3d at 82. Because Peak could not show that the injury was imminent or that he did not have reasonable alternatives other than commission of the offense, the Court of Appeals concluded that "Peak lacked a sufficient evidentiary basis to either present a choice of evils defense or request such an instruction." *Id.*

■ Given the express language of KRS 500.070 and KRS 503.020, we view the language in *Beasley* and *Peak* stating that the defendant has the burden to prove a choice of evils defense as a misstatement of the law. In such a case, the defendant has the initial burden to **produce** evidence of a choice of evils defense. Once such evidence is proffered, the burden of **proof** is then on the Commonwealth to disprove the defense beyond a reasonable doubt. *Hager*, 41 S.W.3d at 833 n. 1. Accordingly, *Beasley* and *Peak* are overruled to the extent they hold otherwise.

Turning to the choice of evils instruction in the instant case, Instruction No. 2, the Court of Appeals noted that the instruction was substantially patterned after the choice of evils instruction provided in 1 *Cooper, Kentucky Instructions to Juries (Criminal)* § 11.28 (rev. 4th ed.1999). While it is true that the instruction appears to be patterned after the recommended choice of evils instruction in *Cooper's Instructions*, the problem is that the choice of evils defense was not included in the instructions as an element of the offense to which it was alleged as a defense—possession of a handgun by a convicted felon. Instruction No. 1, which contained the elements of possession of a handgun by a convicted felon, made no mention of the choice of evils defense, nor did it refer in any manner to Instruction No. 2. In fact, the end of the instruction stated, "If you find the defendant, GEORGE LAPRADD JR., guilty under this instruction, you shall say so by your verdict and no more."

When instructing on an offense, where the absence of a justification or defense is to be instructed upon as an element of the offense, *Cooper's Instructions* recommends that the following language be added to the instruction on the elements of the offense: "That in so doing, the Defendant was not privileged to act in self-protection. (Or insert other appropriate justification or defense.)" 1 *Cooper, Kentucky Instructions to Juries (Criminal)* § 3.32 (rev. 4th ed.1999). No such language was contained in the instruction on possession of a handgun by a convicted felon in the present case.

Because the instructions on the elements of the possession of a handgun offense did not incorporate LaPradd's choice of evils defense, we must reverse the conviction and remand for a new trial. *See Harper v. Commonwealth*, 43 S.W.3d 261, 263–64 (Ky.2001). On retrial, we direct the parties to the specimen recommended instructions in *Commonwealth v. Hager*, 41 S.W.3d at 844–47, relating to self-protection, since choice of evils and self-protection are both justification "defenses" within the meaning of KRS 500.070. KRS 503.020.

The second argument raised in LaPradd's brief is that the trial court erred in not instructing the jury on the carrying a concealed deadly weapon charge. At oral argument, LaPradd's appellate counsel waived the issue, expressing that he no longer sought the relief requested in his brief.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the case remanded to the lower court for retrial or further proceedings consistent with this opinion.

All sitting. All concur.