RENDERED: MARCH 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0288-MR

DANILO FERNANDEZ DAVILA                                   APPELLANT

v.          APPEAL FROM MUHLENBERG CIRCUIT COURT
            HONORABLE BRIAN WIGGINS, JUDGE
            ACTION NO. 20-CR-00135

COMMONWEALTH OF KENTUCKY                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, DIXON, AND EASTON, JUDGES.

EASTON, JUDGE: A circuit court jury convicted Appellant Danilo Fernandez

Davila ("Davila") of first-degree bail jumping. Because Davila was also

determined by the jury to be a persistent felony offender in the first degree, he

received a sentence of fifteen years. Davila's sole claim of error is the refusal of

the circuit court to give a "choice of evils" jury instruction. Finding no error, we

affirm.

# FACTUAL AND PROCEDURAL HISTORY

On January 30, 2020, Davila was required to appear before the Muhlenberg Circuit Court for a jury trial on a charge of promoting contraband in the first degree. Davila was ordered to appear at 8:45 a.m. for his trial. At 8:40 a.m., Davila called his trial attorney Steve Lamb ("Lamb").

Davila told Lamb that he was in Indiana but on his way to court, but he was experiencing some concerning medical symptoms. Davila never appeared in court that day, and he did not contact the Muhlenberg Circuit Clerk's office about missing the trial. Davila was eventually served with the bench warrant issued after his failure to appear. He was found in Louisville on June 6, 2021, almost a year and a half later.

During Davila's long absence, a Muhlenberg County Grand Jury indicted Davila for first-degree bail jumping and being a persistent felony offender in the first degree. The circuit court conducted a jury trial on those charges on February 1, 2022.

Davila testified in his own defense. Davila said that, on the morning of his January 30, 2020, trial, he started the two-hour drive from his home in Louisville to the Muhlenberg Circuit Court in Greenville. Davila's mother confirmed Davila had left her home that morning. When Davila was about thirty minutes from the courthouse, Davila stopped his car because he was sweating,

nauseated, and believed he was having a heart attack. Inexplicably, Davila then drove an hour and a half back to Louisville for medical care.

Davila says he went to the University of Louisville emergency room for medical attention. He says he informed the hospital staff he was having a heart attack. He had his blood pressure checked. Apparently not in danger, Davila was informed by the hospital staff there was a four to six hour wait. He left. Davila never provided any documentation of this contact with the hospital.

Davila further testified he visited a friend, Carlos Vera ("Vera"), at a dental lab just after he left the hospital. Vera had formerly been a physician in Cuba, of which Davila is also a native. But now Vera was working as a dental technician. Vera examined Davila. Vera testified Davila was pale and had chest pains, high blood pressure, and a rapid pulse. Vera testified it appeared Davila was not having a heart attack because the pains were not radiating down Davila's back, shoulder, or arm. Vera concluded Davila was experiencing symptoms of a panic attack. They talked for a while. Davila calmed down and left.

Lamb testified about his preparation for Davila's trial for promoting contraband. Lamb confirmed Davila called him about 8:40 a.m. the day of the trial. Davila told Lamb he was headed to court but was having chest pains and would be seeking medical attention. Lamb received no further evidence from Davila. Lamb explained that, had he heard from Davila, he could have resolved

the situation with the Commonwealth and possibly prevented the bail-jumping indictment.

## STANDARD OF REVIEW

The decision to give an instruction on the justification of choice of evils depends on the evidence presented and is measured by an abuse of discretion standard. *Hunt v. Commonwealth*, 304 S.W.3d 15, 31 (Ky. 2009). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ANALYSIS

Davila argues the circuit court erred by not giving and thus allowing him to argue a "choice of evils" instruction to the jury. The choice of evils defense, which has its roots in the common law doctrine of necessity, has long been recognized as a defense to a charge predicated upon an act which otherwise would be criminal. *Senay v. Commonwealth*, 650 S.W.2d 259, 260 (Ky. 1983). The court in *Senay* noted "the danger presented to the defendant must be compelling and imminent, constituting a set of circumstances which afford[] him little or no alternative other than the commission of the act which otherwise would be unlawful." *Id.*

The choice of evils defense has been codified as KRS[1] 503.030, which provides, in part:

> Unless inconsistent with the ensuing sections of this code defining justifiable use of physical force or with some other provisions of law, conduct which would otherwise constitute an offense is justifiable when the defendant believes it to be necessary to avoid an imminent public or private injury greater than the injury which is sought to be prevented by the statute defining the offense charged, except that no justification can exist under this section for an intentional homicide.

It is the defendant's initial burden to produce evidence to support a choice of evils defense. *LaPradd v. Commonwealth*, 334 S.W.3d 88, 91 (Ky. 2011). "Once such evidence is proffered, the burden of proof is then on the Commonwealth to disprove the defense beyond a reasonable doubt." *Id.* If no such evidence is proffered, the trial court is not required to instruct the jury on the choice of evils defense. *Senay*, *supra*, at 260-61.

A choice of evils instruction is only proper if the following requirements are met:

> (1) that the person believes the necessity of his action is mandated by his subjective value judgment (this must be weighed by the reasonableness standard);
>
> (2) that such action must be contemporaneous with the danger of injury sought to be avoided;

---

[1] Kentucky Revised Statutes.

(3) that the injury is imminent, requiring an immediate choice if to be avoided; and

(4) that the danger or injury sought to be avoided must be greater than the penalty or offending charge occasioned by the action chosen by the party.

*Beasley v. Commonwealth*, 618 S.W.2d 179, 180 (Ky. App. 1981), *overruled on other grounds by LaPradd*, *supra* (citation omitted).

In the current case, Davila's subjective belief in the necessity of his actions to skip the trial was not reasonable when the evidence is fully considered. Davila testified he was about 30 minutes away from the Muhlenberg Circuit courthouse when his symptoms started. Davila pulled off the side of the road for twenty minutes. Instead of calling 911 or using his GPS (which he had with him and had used) to research where to find a local hospital, Davila drove an hour and a half back to Louisville for medical attention. Davila says he checked into an emergency room and told the hospital staff he was having a heart attack. Despite this, Davila was not immediately admitted. Further, Vera opined to Davila that he had simply had a panic attack.

Davila's actions after that day were not reasonable either and seriously weaken any legitimate claim of actual immediacy of Davila's claim of a threat of death as compared with the consequences of missing the trial and thus

-6-

committing bail jumping. Davila never provided medical proof to his attorney or the circuit court. Further, Davila absconded for over a year before being arrested.

We have found no Kentucky case like this one. But our courts have held no choice of evils instruction should be given in an escape case when the defendant claimed chest pains and other medical concerns supporting his claim of a fear of death as the reason for his escape. *See Damron v. Commonwealth*, 687 S.W.2d 138 (Ky. 1985). Given the evidence before the circuit court, we do not believe the circuit court abused its discretion in refusing a choice of evils instruction.

Even if the refusal to give the requested instruction had been error, the error would have been harmless. RCr[2] 9.24. Bail jumping contains its own defense, which was in the instructions given in this case. Davila would not be guilty if the jury believed his failure to appear was "unavoidable and due to circumstances beyond his control." KRS 520.070(2). All the evidence Davila offered for his choice of evils argument was presented to the jury in the context of this bail jumping defense. The jury did not agree with that defense. The choice of evils defense would not have made a difference with this evidence.

---

[2] Kentucky Rules of Criminal Procedure.

## CONCLUSION

The circuit court did not err when denying Davila's request for a choice of evils instruction. Therefore, the judgment of the Muhlenberg Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Sarah D. Dailey
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky