822 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Champion CHANEY, Petitioner-Appellee,
v.
John REES, Warden, Kentucky State Reformatory, Respondent-Appellant.
 No. 86-5940
 United States Court of Appeals, Sixth Circuit.
 July 9, 1987.
 
 Before WELLFORD and NORRIS, Circuit Judge, and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 Appellant, John Rees, Warden of the Kentucky State Reformatory, appeals from an order of the district court granting appellee Chaney a writ of habeas corpus. Chaney's convictions for murder, first-degree assault, and first-degree wanton endangerment, were upheld by the Kentucky Supreme Court.
 
 
 2
 In the course of his report to the district judge, the magistrate recommended that the writ issue, upon alternative grounds: that Chaney was denied due process of law since there was insufficient evidence to convict him in view of his insanity defense and that he was denied a fair trial due to prosecutorial misconduct.
 
 
 3
 That the district court, in adopting the magistrate's report, applied the incorrect standard, in viewing the evidence relating to petitioner's insanity defense, is apparent from this language which appears in the magistrate's report: '[I]n the present case, Chaney is entitled to relief upon a showing that no rational trier of fact could have found proof of sanity beyond a reasonable doubt.'
 
 
 4
 Having chosen to rely upon insanity as a defense, the burden at trial was upon Chaney to prove the defense to the satisfaction of the jury. Edwards v. Commonwealth, 554 S.W.2d 380 (Ky.), cert. denied, 434 U.S. 999 (1977). The prosecution's responsibility, in responding to Chaney's evidence of insanity, was to create an issue of fact for the jury as to his sanity, not to establish his sanity beyond a reasonable doubt. See Hayes v. Commonwealth, 625 S.W.2d 583, 586 (Ky. 1981); Wiseman v. Commonwealth, 587 S.W.2d 235, 237-38 (Ky. 1979).
 
 
 5
 The Kentucky Supreme Court, on direct review of Chaney's convictions, applied the proper standard and, having reviewed the evidence, concluded that the state's evidence was sufficient to create a factual issue.
 
 
 6
 Although the district court erred in applying the incorrect standard in this regard, the writ of habeas corpus was granted on alternative grounds, as pointed out above. The state failed to object to that portion of the magistrate's report which recommended issuance of the writ on the alternative ground that the prosecutor's misconduct denied Chaney a fair trial.
 
 
 7
 This court has held that failure to object to a magistrate's report constitutes a waiver of the district court's entry of judgment in accordance with the report, and precludes appellate review by the court of appeals. United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The waiver rule applies to a portion of the report not objected to, even though another objection has been lodged to another portion of the report. Wilson v. McMacken, 786 F.2d 216, 220 (6th Cir. 1986). The Walters rule has been upheld by the United States Supreme Court. Thomas v. Arn, 474 U.S. 140 (1985).
 
 
 8
 Although we have noted that the rule is procedural, as opposed to jurisdictional, we have also indicated that our excusing default in filing objections, in order to entertain an appeal, will be proper only under such compelling circumstances as where the judgment of the district court constitutes plain error. Kent v. Johnson, No. 84-1578, slip. op. (6th Cir. May 18, 1987). Those compelling circumstances are not present here since the legal effect to be given the prosecutor's misconduct was a debatable question, as evidenced by one of the dissenting opinions filed in the Kentucky Supreme Court.
 
 
 9
 The state, through its procedural default, having waived appeal from an alternative ground upon which the district court granted the writ of habeas corpus, the judgment of the district court must be affirmed. We observe that the granting of the writ by the district court was conditioned upon failure of the state to re-try Chaney, and are advised that involuntary commitment procedures are available in the event the state elects not to again bring Chaney to trial.
 
 
 
 *
 Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation