COMMONWEALTH of Kentucky,
Appellant,

v.

William Thomas HAGER, Jr., Appellee.

No. 1999–SC–1018–CL.

Supreme Court of Kentucky.

Jan. 25, 2001.

Raymond Larson, Commonwealth Attorney, Margaret E. Bruner, Amanda Foley Naish, Assistant Commonwealth Attorneys, Lexington, Counsel for Appellant.

V. Gene Lewter, Herbert T. West, Fayette Co. Legal Aid, Inc., Lexington, Counsel for Appellee.

COOPER, Justice.

*CERTIFYING THE LAW*

William Thomas Hager, Jr., killed John Allen Brown by stabbing him in the chest with a knife. Hager admitted the killing and claimed self-defense. He was indicted for murder, but a Fayette Circuit Court jury convicted him of fourth-degree assault, a class A misdemeanor, for which he was sentenced to the maximum penalty of twelve months in jail and a $500 fine. KRS 508.030(2); KRS 532.090(1); KRS 534.040(2)(a). Since the jurors were not instructed on the elements of fourth-degree assault, they presumably did not

know that when an assault results in the victim's death, the offense is not an assault, but a homicide. KRS 507.010.

> [A]ssault becomes a companion of homicide since both are so-called "result" offenses. Bodily injury is the prohibited result of the former and death is the prohibited result of the latter.

R. Lawson, *Criminal Law Revision in Kentucky, Part I—Homicide and Assault*, 58 Ky. L.J. 242, 263 (1969–70). Thus, a conviction of fourth-degree assault can only be obtained if the result of the assault is physical injury, not death. KRS 508.030(1).

Hager did not appeal his conviction. However, the Commonwealth requested a certification of the law with respect to the jury instructions that led to this unusual verdict. Ky. Const. § 115; CR 76.37(10). We granted certification primarily to address the issue of how KRS 503.120(1), which defines "imperfect self-defense," *i.e.*, an act in self-protection under a mistaken belief in the need therefor, applies to the offenses of second-degree manslaughter, KRS 507.040, and reckless homicide, KRS 507.050. However, the instructions in this case contain a number of other errors, all of which will be addressed in this opinion.

## I. THE TRIAL INSTRUCTIONS.

The jury was instructed on all degrees of homicide and on the defense of self-protection, subject to both the initial aggressor qualification, KRS 503.060(3), and the imperfect self-defense qualification, KRS 503.120(1). As noted above, the jury was not instructed on the elements of fourth-degree assault, the offense of which Hager was ultimately convicted. Instead, the jury was led to its verdict by a series of interrogatories, or mini-verdicts, which required them to find Hager guilty of fourth-degree assault if they believed that he committed *either* second-degree man-slaughter *or* reckless homicide under a recklessly held belief in the need to act in self-protection. The instructions will be discussed as they were given with the jury's verdict(s) noted as they appear on the instructions.

\* \* \*

### INSTRUCTION NO. 1

The law presumes a defendant to be innocent of a crime, and the indictment shall not be considered as evidence or as having any weight against him. If upon the whole case you have a reasonable doubt that the defendant is guilty, you shall find him not guilty. Any determination made by you must be unanimous and signed by the foreperson.

### AUTHORIZED VERDICTS

(A) NOT GUILTY.

or

(B) GUILTY, Murder, OR Manslaughter 1st Degree, OR Manslaughter 2nd Degree OR Reckless Homicide OR Assault 4th Degree.

\* \* \*

■ That portion of Instruction No. 1 describing the presumption of innocence and reasonable doubt completely omitted the second sentence of the specimen instruction set forth in RCr 9.56, *viz:* "You shall find the defendant not guilty unless you are satisfied from the evidence alone, and beyond a reasonable doubt, that he is guilty." Although RCr 9.56 provides that the jury shall be instructed "substantially" as required by the Rule, an instruction which omits a complete sentence of the specimen instruction is not in substantial compliance with the Rule.

■ Instruction No. 1 also failed to instruct the jury on reasonable doubt with respect to the issue of extreme emotional disturbance. Although not mentioned in RCr 9.56, that instruction is required when

there is evidence authorizing an instruction on extreme emotional disturbance. *Holbrook v. Commonwealth*, Ky., 813 S.W.2d 811, 815 (1991), *overruled on other grounds, Elliott v. Commonwealth*, Ky., 976 S.W.2d 416 (1998); *Edmonds v. Commonwealth*, Ky., 586 S.W.2d 24, 27 (1979), *overruled on other grounds, Wellman v. Commonwealth*, Ky., 694 S.W.2d 696 (1985).

\* \* \*

## INSTRUCTION NO. 1A
## FAILURE OF DEFENDANT TO TESTIFY

The Defendant is presumed to be innocent of committing any crime, and the Commonwealth must prove him guilty beyond a reasonable doubt.

The Defendant has a right to remain silent and is not compelled to testify. The fact that he does not testify is not an inference of guilt and shall not prejudice him in any way.

## INSTRUCTION NO. 2
## DEFINITIONS

"Serious Physical Injury"—Means physical injury which creates a substantial risk of death, or which causes serious and prolonged disfigurement, prolonged impairment of health, or prolonged loss or impairment of the functions of any bodily organ.

"Intentionally"—A defendant acts intentionally with respect to another's death or to his serious physical injury when it is his conscious objective to cause that death or that injury.

"Wantonly"—A defendant acts wantonly with respect to another's injury when he is aware of and consciously disregards a substantial and unjustifiable risk that injury will occur. In order to be "substantial and unjustifiable," the risk of injury must be of such nature and degree that disregard thereof con-

stitutes a gross departure from the level of conduct that a reasonable person would observe in the situation.

"Recklessly"—A defendant acts recklessly with respect to another's injury when he fails to perceive a substantial and unjustifiable risk that the injury will occur. In order to be "substantial and unjustifiable" that risk of injury must be of such nature and degree that failure to perceive it constitutes a gross departure from the level of care that a reasonable person would observe in the situation.

"Extreme Emotional Disturbance"—Is a temporary state of mind so enraged, inflamed, or disturbed as to overcome one's judgment, and to cause one to act uncontrollably from the impelling force of the extreme emotional disturbance rather than from evil or malicious purposes. It is not a mental disease in itself, and an enraged, inflamed, or disturbed emotional state does not constitute an extreme emotional disturbance unless there is a reasonable explanation or excuse therefor, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under circumstances as the defendant believed them to be.

\* \* \*

Instruction No. 2 attempted to paraphrase the statutory definitions of "intentionally," KRS 501.020(1), "wantonly," KRS 501.020(3), and "recklessly," KRS 501.020(4). Although the paraphrased definition of "intentionally" substantially complied with the definition set forth in KRS 501.020(1), the paraphrased definitions of "wantonly" and "recklessly" purported to apply only to a wanton or reckless *injury,* whereas the result element in this case was *death.* These definitions could lead a jury to conclude that the definitions of wantonly and recklessly apply only to assaults and not to homicides. That is of

particular significance here, where the instructions on second-degree manslaughter and reckless homicide, *infra*, did not contain language describing wanton or reckless conduct, but left it to the jury to refer back to the definitions of those terms in Instruction No. 2.

■ Further, Instruction No. 2 did not include the definitions of "physical force," KRS 503.010(4), and "deadly physical force," KRS 503.010(1), which apply to the defense of self-protection. And if the jury had been instructed on the elements of fourth-degree assault, Instruction No. 2 also should have included the definition of "physical injury," KRS 500.080(13), which is the result element of that offense.

\* \* \*

## INSTRUCTION NO. 3
## MURDER

You will find the Defendant guilty under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in this county on or about December 24, 1998, the defendant killed John Allen Brown by stabbing him with a knife;

AND

B. That in so doing:

(1) He caused the death of John Allen Brown intentionally and not while acting under the influence of extreme emotional disturbance;

OR

(2) Under circumstances manifesting extreme indifference to human life, he wantonly engaged in conduct which created a grave risk of death to John Allen Brown, which did cause his death;

AND

C. That he was not privileged to act in self-protection.

If you find the Defendant GUILTY under this Instruction, proceed to Instruction No. 5.

If you find the Defendant NOT GUILTY under this Instruction, please proceed to Instruction No. 4.

\* \* \*

■ Instruction No. 5, to which the jury was directed to proceed upon a finding of guilt under Instruction No. 3, was the initial aggressor qualification of the defense of self-protection set forth in Instruction No. 6. The murder instruction properly included the absence of the privilege to act in self-protection as an element of the offense.[1] However, the instruction erroneously required the jury to find the defendant guilty, thus *not* to have acted in self-protection, before permitting it to first consider the *nature* of self-protection as a defense.

\* \* \*

## INSTRUCTION NO. 4
## MANSLAUGHTER 1ST DEGREE

If you found the Defendant not guilty under Instruction No. 3, you will find the Defendant guilty under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

---

1. Once evidence is introduced which justifies an instruction on self-protection or any other justification defined in KRS chapter 503, the Commonwealth has the burden to disprove it beyond a reasonable doubt, and its absence becomes an element of the offense. KRS 500.070(1), (3), and 1974 Commentary thereto; *Brown v. Commonwealth*, Ky., 555 S.W.2d 252, 257 (1977). The burden of proof is assigned by including as an element of the instruction on the offense "that he was not privileged to act in self-protection." *E.g.*, 1 Cooper, *Kentucky Instructions to Juries (Criminal)*, § 3.21 (4th ed. Anderson 1993).

A. That in this county on or about December 24, 1998, the Defendant killed John Allen Brown by stabbing him with a knife;

AND

B. That in so doing:

(1) He intended to cause John Allen Brown's death;

OR

(2) He was acting with the intention of causing serious physical injury to John Allen Brown;

AND

C. That in so doing the Defendant was not privileged to act in self-protection.

If you find the Defendant GUILTY under this Instruction, proceed to Instruction No. 5.

If you find the Defendant NOT GUILTY under this Instruction, please proceed to Instruction No. 7.

\* \* \*

Like Instruction No. 3 (Murder), Instruction No. 4 required the jury to find the defendant guilty, thus not to have acted in self-protection, before permitting it to first consider the nature of self-protection as a defense.

\* \* \*

### INSTRUCTION NO. 5
### INITIAL AGGRESSOR

The defense of self-protection is not available to the Defendant if you believe based on the evidence beyond a reasonable doubt that he was the initial aggressor in the use of physical force between him and John Allen Brown. Unless his initial aggression was not intended to and did not create a substantial risk of death or serious physical injury to the victim, and the force returned or threatened by the victim was such as to cause the defendant to be-

lieve himself to be in imminent danger of death or serious physical injury.

### INTERROGATORY NO. 1

Do you believe based on the evidence beyond a reasonable doubt that the Defendant was the initial aggressor?

YES _____ NO _____

_____
FOREPERSON

If you answered "NO," proceed to Instruction No. 6.

If you answered "YES" and have found the Defendant guilty of Murder or Manslaughter 1st Degree, enter that verdict on the verdict form and return to the Courtroom.

\* \* \*

The second sentence of Instruction No. 5 was an incomplete sentence that, in fact, should have been a clause modifying the first sentence. See KRS 503.060(3)(a); Cooper, *supra* note 1, at § 11.11. Furthermore, the initial aggressor qualification qualifies the defense of self-protection. The instruction and interrogatory required the jury to decide the qualification before deciding whether Hager was privileged to act in self-protection in the first place. Also, the wording of the directions to the jury upon an answer of "YES" to Interrogatory No. 1 indicated that the jury must already have found Hager guilty of murder or first-degree manslaughter before considering the defense of self-protection; yet, if Hager acted in self-protection, he could not be guilty of either murder or first-degree manslaughter per Instruction Nos. 3 and 4, each of which included the absence of the privilege to act in self-protection as an element of the offense.

\* \* \*

### INSTRUCTION NO. 6
### SELF PROTECTION

Even though the Defendant might otherwise be guilty of Murder under Instruction No. 3, or Manslaughter First Degree under Instruction No. 4, if at the time the Defendant killed John Allen Brown, he believed that Brown was then and there about to use physical force upon him, he was entitled to use such physical force against Brown as he believed necessary in order to protect himself, except that he was entitled to use deadly physical force only if he believed it was necessary in order to protect himself from death or serious physical injury.

However, if you further believe from the evidence beyond a reasonable doubt that the Defendant was mistaken in his belief that it was necessary to use physical force against John Allen Brown in self-protection, or in his belief in the degree of force necessary to protect himself,

AND

A. that he knew and disregarded a substantial and unjustifiable risk that he was mistaken in that belief, and that this was a gross departure from the level of care that a reasonable person would have observed in the same situation;

OR

B. that he failed to perceive a substantial and unjustifiable risk that he was mistaken in that belief, and that this was a gross departure from the level of care that a reasonable person would have observed in the same situation, then you shall find him guilty of a lesser offense as instructed after the following interrogatories:

\* \* \*

█ The wording of subparagraph A of Instruction No. 6 with respect to a wantonly held belief and of subparagraph B with respect to a recklessly held belief deviated in several respects from the language contained in the statutory definitions of wantonly and recklessly. KRS 501.020(3) and (4). *See also* the discussion regarding Instruction No. 2, *supra.* While such deviations from the statutory language might not warrant reversal in a particular case, we reiterate what we said in *McGuire v. Commonwealth,* Ky., 885 S.W.2d 931, 936 (1994), that "[a]ll substantive law related to criminal responsibility, including general principles of liability, accountability, justification and responsibility ... is now statutory, and instructions should be stated within the context of the statutory framework."

\* \* \*

INTERROGATORY NO. 2

Do you believe based on the evidence that the defendant was acting as he believed necessary to protect himself?
YES _____ NO _____

_____
FOREPERSON

If you answered "NO" to Interrogatory No. 2, then you shall find the defendant guilty of Murder under Instruction No. 3 or Manslaughter 1st Degree under Instruction No. 4, so indicate on the verdict form, and return to the Courtroom.

If you answered "Yes," proceed to Interrogatory No. 3.

INTERROGATORY NO. 3

Do you believe based on the evidence that the Defendant was mistaken in his belief that it was necessary to use deadly physical force in order to protect himself from death or serious physical injury or in the degree of force necessary to protect himself from death or serious physical injury?
YES _____ NO _____

_____
FOREPERSON

If "YES" proceed to Interrogatory No. 4.

If "NO" you shall find the Defendant NOT GUILTY and enter your verdict on the verdict form, Instruction No. 11.

\* \* \*

■ While Interrogatory No. 2 tracked the wording of the first paragraph of the self-protection instruction (Instruction No. 6), Interrogatory No. 3 deviated substantially from the wording of the second paragraph of that instruction, *viz:* that the Defendant "was mistaken in his belief that it was necessary to use physical force against John Allen Brown in self-protection, or in his belief in the degree of force necessary to protect himself." If interrogatories are used in criminal instructions,[2] the wording of each interrogatory must track the wording of the instruction to which it pertains. Otherwise, it can only be inferred that the jury's answer to a particular interrogatory represents its unanimous verdict on the issue framed by the instruction to which the interrogatory pertained.

\* \* \*

### INTERROGATORY NO. 4

Do you believe based on the evidence that the Defendant knew and disregarded a substantial and unjustifiable risk that he was mistaken in his need to protect himself in (sic) the degree of force necessary to do so, to such a degree that this was a gross departure from the level of care that a reasonable person would have observed in the same situation?

YES ____ NO ____

_____
FOREPERSON

If "YES" you shall find the Defendant guilty of 2nd Degree Manslaughter under Instruction No. 7, enter your verdict on the verdict form and return to the Courtroom.

If "NO," proceed to Interrogatory No. 5.

\* \* \*

■ Interrogatory No. 4 seriously misstated the substantive law of self-protection. By allowing the jury to consider whether the defendant was "mistaken in his need" for self-protection, instead of "mistaken in his belief" in the need for self-protection, the interrogatory not only did not track the wording of either KRS 503.120(1) or the instruction on self-protection (Instruction No. 6A), but also directed the jury to evaluate the defendant's need rather than his belief, and thus substituted an objective test for the subjective one embodied in the statutory scheme. KRS 503.050(1), (2); KRS 503.120(1). "[T]he initial focus of the penal code is on the defendant's actual subjective belief in the need for self-protection and not on the objective reasonableness of that belief." *Elliott v. Commonwealth, supra,* at 419.

\* \* \*

### INTERROGATORY NO. 5

Do you believe based on the evidence that the Defendant failed to perceive a substantial and unjustifiable risk that he was mistaken in his need to protect himself or in the degree of force necessary to do so to such a degree that this was a

**2.** While we have not condemned the use of interrogatory instructions in criminal cases *per se,* we discourage their use for reasons particularly exemplified by this case. Interrogatory instructions require the jury to reach a series of mini-verdicts, instead of one unanimous verdict with respect to the ultimate issue of guilt or innocence. Requiring, as here, multiple mini-verdicts on interrogatory instructions simply increases the likelihood of instructional error.

gross departure from the level of care that a reasonable person would have observed in the same situation?

YES _____ NO _____

_____
FOREPERSON

If "YES" you shall find the Defendant GUILTY of Reckless Homicide under Instruction No. 8, enter your verdict on the Verdict Form and return to the Courtroom.

If "NO," you shall find the Defendant NOT GUILTY and enter your verdict on the Verdict Form and return to the Courtroom.

\* \* \*

Like Interrogatory No. 4, Interrogatory No. 5 allowed the jury to consider whether the defendant was "mistaken in his need" for self-protection instead of "mistaken in his belief" in the need for self-protection, thus did not track the wording of Instruction No. 6B to which it pertained, substantially deviated from the language of the statutes, and substituted an objective test for the subjective one embodied in the statutory scheme.

\* \* \*

INSTRUCTION NO. 7
MANSLAUGHTER 2ND DEGREE

If you found the Defendant not guilty under Instruction No. 3 or 4, you will find the Defendant guilty under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in this county on or about December 24, 1998, the defendant killed John Allen Brown by stabbing him with a knife;

AND

B. That in so doing, the Defendant was acting wantonly.

If you find the Defendant GUILTY under this Instruction, proceed to Instruction No. 9.

If you find the Defendant NOT GUILTY under this Instruction, proceed to Instruction No. 8.

\* \* \*

■■■ Instruction No. 7 erroneously permitted the jury to find the defendant guilty of second-degree manslaughter if it had "*found* the Defendant *not guilty* under Instruction No. 3 *or* 4" (emphasis added), implying that he would be eligible for conviction of second-degree manslaughter if not guilty of one of the two previously described offenses, but guilty of the other. Obviously, Hager was eligible for conviction of second-degree manslaughter only if the jury had found him not guilty under both Instruction No. 3 *and* 4. Compare the language of this instruction with that of Instruction No. 5 of the specimen recommended instructions set forth *infra* in this opinion which provides: "If you *do not find* the Defendant *guilty* under either Instruction No. 3 or Instruction No. 4...." (Emphasis added.)

■■■ A more serious error was the failure of Instruction No. 7 to include the absence of the privilege to act in self-protection as an element of the offense.[3] This element was included in the instructions on murder and first-degree manslaughter; and if Hager was entitled to the defense of self-protection with respect to those offenses, he was entitled to the same defense with respect to second-degree manslaughter (and reckless homicide, *infra*). *Elliott v. Commonwealth, supra.* In fact, Instruction No. 10, *infra*, purported to describe the defense of self-protection as it applies to second-degree manslaughter and reckless homicide. Hager

_____
3. See discussion at note 1, *supra*.

was entitled to an instruction on self-protection with respect to both of those offenses;[4] thus, the substantive instruction on each offense should have included the absence of the privilege to act in self-protection as an element of the offense.

Finally, like Instruction Nos. 3 and 4 (murder and first-degree manslaughter), Instruction No. 7 permitted the jury to consider the defense of self-protection *only if* it had already found Hager guilty of the offense to which the defense pertained.

\* \* \*

## INSTRUCTION NO. 8
### RECKLESS HOMICIDE

If you found the Defendant not guilty under Instruction No. 3, 4, or 7, you will find the Defendant guilty under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in this county on or about December 24, 1998, the defendant killed John Allen Brown by stabbing him with a knife;

AND

B. That in so doing, he was acting recklessly.

If you find the Defendant GUILTY under this Instruction, proceed to Instruction No. 9.

If you find the Defendant NOT GUILTY under this Instruction, please proceed to the Verdict Form and indicate your verdict under NOT GUILTY.

\* \* \*

■■■ Instruction No. 8 contained the same errors as Instruction No. 7, *i.e.,* (1) it permitted the jury to find Hager guilty of reckless homicide if he had been found not guilty of one or more of the previously defined offenses, but guilty of another; (2) it omitted the absence of the privilege to

act in self-protection from the elements of the offense; and (3) it permitted the jury to consider the defense of self-protection *only if* it had already found Hager guilty of the offense.

\* \* \*

## INSTRUCTION NO. 9
### INITIAL AGGRESSOR

The defense of self-protection is not available to the Defendant if you believe based on the evidence beyond a reasonable doubt that he as (sic) the initial aggressor in the use of physical force between him and John Allen Brown. Unless his initial aggression was not intended to and did not create a substantial risk of death or serious physical injury to the victim, and the force returned or threatened by the victim was such as to cause the Defendant to believe himself to be in imminent danger of death or serious physical injury.

### INTERROGATORY NO. 6

Do you believe based on the evidence beyond a reasonable doubt that the Defendant was the initial aggressor?

YES \_\_\_\_ NO "√"

/s/ _____

FOREPERSON

If you answered "NO," proceed to Instruction No. 10.

If you answered "YES" and have found the Defendant guilty of Manslaughter 2nd Degree or Reckless Homicide, enter that verdict on the verdict form and return to the Courtroom.

\* \* \*

Instruction No. 9 and the first Interrogatory No. 6 (the instructions included two interrogatories designated as "No. 6") were identical to Instruction No. 5 and

---

4. *Elliott* was decided more than a year prior to Hager's trial.

Interrogatory No. 1. The second sentence of the instruction was an incomplete sentence that, in fact, should have been a clause modifying the first sentence. Furthermore, the initial aggressor qualification qualifies the defense of self-protection. Thus, the instruction and interrogatory required the jury to decide the qualification before considering whether the defendant acted in self-protection in the first place.

(The fact that the jury answered this Interrogatory No. 6 indicates that they had already found Hager guilty of either second-degree manslaughter or reckless homicide, though we will never know which.)

\* \* \*

## INSTRUCTION NO. 10
## SELF–PROTECTION

Even though the Defendant might otherwise be guilty of Manslaughter 2nd Degree under Instruction No. 7, or Reckless Homicide under Instruction No. 8, if at the time the Defendant killed John Allen Brown, he believed that Brown was then and there about to use physical force upon him, he was entitled to use such physical force against Brown as he believed necessary in order to protect himself, except that he was entitled to use deadly physical force only if he believed it was necessary in order to protect himself from death or serious physical injury.

However, if you further believe from the evidence beyond a reasonable doubt that the Defendant was mistaken in his belief that it was necessary to use physical force against John Allen Brown in self-protection, or in his belief in the degree of force necessary to protect himself,

AND

A. That he knew and disregarded a substantial and unjustifiable risk that he was mistaken in that belief, and that this was a gross departure from the level of care that a reasonable person would have observed in the same situation;

OR

B. That he failed to perceive a substantial and unjustifiable risk that he was mistaken in that belief, and that this was a gross departure from the level of care that a reasonable person would have observed in the same situation, then you shall find him guilty of a lesser offense as instructed after the following interrogatories:

\* \* \*

Instruction No. 10 was identical to Instruction No. 6, except that it applied the defense of self-protection to second-degree manslaughter and reckless homicide rather than murder and first-degree manslaughter. As in Instruction No. 6, the language used in subparagraph A with respect to a wantonly held belief and in subparagraph B with respect to a recklessly held belief deviated in several respects from the language contained in the statutory definitions of wantonly and recklessly. KRS 501.020(3) and (4). Regardless, as will be discussed more fully *infra,* subparagraph A should have been omitted in its entirety, because a wantonly held belief in the need to act in self-protection provides no defense to a charge of either second-degree manslaughter or reckless homicide.

\* \* \*

## INTERROGATORY NO. 6

Do you believe based on the evidence that the Defendant was acting as he believed necessary to protect himself?

YES "/" NO ____

/s/ _____

FOREPERSON

If you answered "NO" to Interrogatory No. 6, then you shall find the defen-

dant guilty of Manslaughter 2nd Degree under Instruction No. 7 or Reckless Homicide under Instruction No. 8, so indicate on the verdict form, and return to the Courtroom.

If you answered "Yes," proceed to Interrogatory No. 7.

### INTERROGATORY NO. 7

Do you believe based on the evidence that the Defendant was mistaken in his belief that it was necessary to use deadly physical force in order to protect himself from death or serious physical injury or in the degree of force necessary to protect himself from death or serious physical injury.

YES "√" NO ____

/s/ _____

If "YES" proceed to Interrogatory No. 8.

If "NO" you shall find the Defendant NOT GUILTY and enter your verdict on the verdict form.

\* \* \*

This second Interrogatory No. 6 and Interrogatory No. 7 were almost identical to Interrogatory Nos. 2 and 3. Thus, while the language of the second Interrogatory No. 6 tracked the wording of the first paragraph of Instruction No. 10, the self-protection instruction to which it pertained, the language of Interrogatory No. 7 deviated substantially from the wording of the second paragraph of that instruction, *i.e.*, that the Defendant "was mistaken in his belief that it was necessary to use physical force against John Allen Brown in self-protection, or in his belief in the degree of force necessary to protect himself."

\* \* \*

### INTERROGATORY NO. 8

Do you believe based on the evidence that the Defendant knew and disregard-

ed a substantial and unjustifiable risk that he was mistaken in his need to protect himself in the degree of force necessary to do so, to such a degree that this was a gross departure from the level of care that a reasonable person would have observed in the same situation?

YES ____ NO "√"

/s/ _____

#### FOREPERSON

If "YES" you shall find the Defendant guilty of Reckless Homicide under Instruction No. 8, enter your verdict on the verdict form and return to the Courtroom.

If "NO," proceed to Interrogatory No. 9.

\* \* \*

Like Interrogatory No. 4, the language of Interrogatory No. 8 did not track the wording of Instruction No. 10A to which it pertained and substantially misstated the law of self-protection by directing the jury to evaluate the defendant's "need" rather than his "belief." Interrogatory No. 8 also erroneously directed the jury that if its answer to the interrogatory was "Yes," it "shall find the Defendant guilty of Reckless Homicide." Remember, at this point in the instructions, the jury had already found Hager guilty of either second-degree manslaughter or reckless homicide, though we do not know which. The wording of Interrogatory No. 8 tracked the language of the definition of "wantonly," KRS 501.020(3), not "recklessly," KRS 501.020(4). Thus, under that interrogatory, a wanton belief in the need for self-protection would result in a conviction of reckless homicide, regardless of whether the defendant's mens rea with respect to the *result* of his conduct was wanton (second-degree manslaughter) or reckless (reckless homicide). As will be discussed

more fully *infra*, a wantonly held belief in the need to act in self-protection provides no defense to a charge of either second-degree manslaughter or reckless homicide. If the jury has found that the defendant otherwise committed reckless homicide, a wanton belief in the need to act in self-protection does not elevate that offense to second-degree manslaughter; and if the jury has found that the defendant otherwise committed second-degree manslaughter, a wanton belief in the need to act in self-protection does not reduce that offense to reckless homicide, which requires a mens rea of recklessness, not wantonness.

\* \* \*

### INTERROGATORY NO. 9

Do you believe based on the evidence that the Defendant failed to perceive a substantial and unjustifiable risk that he was mistaken in his need to protect himself or in the degree of force necessary to do so to such a degree that this was a gross departure from the level of care that a reasonable person would have observed in the same situation?

YES "/" NO \_\_\_\_

/s/ _____

If "YES," you shall find the Defendant guilty of Assault 4th Degree and fix his punishment at up to twelve (12) months in jail and/or a $500 fine, and enter your verdict on the verdict form.

If "NO," you shall find the Defendant NOT GUILTY and enter that finding on the verdict form.

### INSTRUCTION NO. 11
### VERDICT FORM

The verdict of the jury must be unanimous and be signed by one of you as Foreperson. You may use the form provided below in writing your verdict.

(a) We the jury find the Defendant NOT GUILTY.

_____

FOREPERSON

OR

(b) We the jury find the Defendant GUILTY under Instruction No. \_\_\_\_\_. (Use this form if you find the Defendant guilty under Instruction No. 3, 4, 7 or 8.)

_____

FOREPERSON

OR

(c) We the jury find the Defendant GUILTY of Assault 4th Degree and fix his punishment at *"12 months in jail and a 500.00(sic) fine."*

/s/ _____

FOREPERSON

\* \* \*

Even if fourth-degree assault were a lesser included offense of reckless homicide (which it is not), Instruction No. 9 erroneously permitted the jury to find Hager guilty of that offense without having found that the elements of that offense had been proven beyond a reasonable doubt. Appellee asserts that evidence of a wantonly or recklessly held belief in the need to act in self-protection *always* requires an instruction on a lesser offense even if the elements of the lesser offense do not fall within the facts of the case. KRS 503.120(1) does not so provide.

## II. THE "WANTON OR RECKLESS BELIEF" QUALIFICATION.

■ We note at the outset that a mistaken belief in the need to act in self-protection does not affect the privilege to act in self-protection unless the mistaken belief is so unreasonably held as to rise to the level of wantonness or recklessness with respect to the circumstance then being encountered by the defendant. *Elliott*

*v. Commonwealth, supra,* at 420. KRS 503.120(1) provides as follows:

> *When the defendant believes* that the use of force upon or toward the person of another is necessary for any of the purposes for which such belief would establish a justification under KRS 503.050 to 503.110 *but the defendant is wanton or reckless in believing* the use of any force, or the degree of force used, to be necessary or in acquiring or failing to acquire any knowledge or belief which is material to the justifiability of his use of force, *the justification afforded by those sections is unavailable in a prosecution for an offense for which wantonness or recklessness, as the case may be, suffices to establish culpability.* (Emphasis added.)

▆ The statute first recognizes that all KRS 503 justifications, including self-protection, are premised upon a defendant's actual subjective belief in the need for the conduct constituting the justification and not on the objective reasonableness of that belief. *Elliott, supra,* at 419. Secondly, the statute recognizes that a defendant may be mistaken in his belief and that the mistaken belief, itself, may be so unreasonably held as to constitute wantonness or recklessness with respect to the circumstance then being encountered. *Id.* at 420. If so, the statute provides that the justification, *e.g.,* self-protection, is unavailable as a defense to an offense having the mens rea element of wantonness, *e.g.,* second-degree manslaughter, or recklessness, *e.g.,* reckless homicide, "as the case may be."

Thus, while a wantonly held belief in the need to act in self-protection is a defense to an offense having the mens rea element of intent, it supplies the element of wantonness necessary to convict of second-degree manslaughter; and while a recklessly held belief in the need to act in self-protection is a defense to an offense requiring either intent or wantonness, it supplies the element of recklessness necessary to convict of reckless homicide. *Shannon v. Commonwealth,* Ky., 767 S.W.2d 548, 548–51 (1988) (*"Shannon, Part I"*) held that an intentional homicide (or assault) committed under a wanton or reckless belief in the need to act in self-protection results in a conviction of a lesser offense having wantonness or recklessness as the culpable mental state. Specifically, murder or first-degree manslaughter is reduced to second-degree manslaughter by a wantonly held belief or to reckless homicide by a recklessly held belief.

However, we have not previously addressed how KRS 503.120(1) affects the defense of self-protection when asserted as a defense to an offense having wantonness or recklessness as the culpable mental state. *Shannon* did not address how the statute would affect an unintentional homicide (or assault), because *Shannon* at 551–53 (*"Shannon, Part II"*) held that self-protection could never be a defense to an unintentional crime. In *Elliott, supra,* we overruled *Shannon, Part II* and held that self-protection was available as a defense to an offense predicated on wantonness or recklessness, but did not address the effect of KRS 503.120(1) on a claim of self-protection in that context, because it was not asserted in *Elliott* that the defendant was mistaken in his belief that he needed to act in self-protection. Footnote 3 at page 420 of *Elliott* restates the holding of *Shannon, Part I* and further points out that any actual belief in the need for self-protection, even if wantonly or recklessly held, also precludes a conviction of wanton murder, because such a belief negates the aggravating element of "extreme indifference to the value of human life" and thereby reduces the offense, if the belief was wantonly held, to an unaggravated wanton homi-

cide, *i.e.*, second-degree manslaughter, or, if the belief was recklessly held, to reckless homicide. The footnote did not address the fact that a wantonly held belief negates the defense of self-protection if asserted as a defense to second-degree manslaughter, and that a recklessly held belief negates the defense of self-protection if asserted as a defense to reckless homicide, because both of those propositions are clearly stated in the last clause of KRS 503.120(1).

The statute does not provide that a wantonly or recklessly held belief in the need to act in self-protection *always* reduces a primary offense to a lesser included offense. It provides that an act in self-protection committed under a wantonly held belief is no defense to an offense predicated on wantonness, and that an act in self-protection committed under a recklessly held belief is no defense to an offense predicated on recklessness. It also follows that an act in self-protection committed under a wantonly held belief does not elevate an offense predicated on recklessness, *e.g.*, reckless homicide, to a greater offense, *e.g.*, second-degree manslaughter. Thus, the fact that the fatal conduct was committed under a wantonly held belief in the need therefor provides no defense to a charge of either second-degree manslaughter or reckless homicide; and the fact that the fatal conduct was committed under a recklessly held belief in the need therefor reduces a charge of second-degree manslaughter to reckless homicide, but provides no defense to a charge of reckless homicide.

The following outline explains how an act committed under a mistaken belief in the need to act in self-protection affects the various degrees of homicide:[5]

1. *Intentional murder or first-degree manslaughter.*

 a. Actual belief not wantonly or recklessly held = acquittal.

 b. Wanton belief = second-degree manslaughter, because it constitutes a defense to intentional conduct, the mens rea element of both intentional murder and first-degree manslaughter, but is unavailable as a defense to wantonness, the mens rea element of second-degree manslaughter.

 c. Reckless belief = reckless homicide, because it constitutes a defense to intentional conduct, the mens rea element of both intentional murder and first-degree manslaughter, and to wantonness, the mens rea element of second-degree manslaughter, but is unavailable as a defense to recklessness, the mens rea element of reckless homicide.

2. *Wanton murder.*

 a. Actual belief not wantonly or recklessly held = acquittal.

 b. Wanton belief = second-degree manslaughter, because it negates the aggravating element of "extreme indifference to the value of human life" necessary to convict of wanton murder, but is unavailable as a defense to wantonness, the mens rea element of second-degree manslaughter.

 c. Reckless belief = reckless homicide, because it negates the element of "extreme indifference to the value of human life" necessary to convict of wanton murder, and constitutes a defense to wantonness, the mens rea element of second-degree manslaughter, but is unavailable as a defense to recklessness, the mens rea element of reckless homicide.

**5.** The same analysis would apply to the various degrees of assault.

3. *Second-degree manslaughter.*

■ a. Actual belief not wantonly or recklessly held = acquittal.

■ b. Wanton belief = second-degree manslaughter, because it is unavailable as a defense to wantonness, the mens rea element of second-degree manslaughter.

■ c. Reckless belief = reckless homicide, because it constitutes a defense to wantonness, the mens rea element of second-degree manslaughter, but is unavailable as a defense to recklessness, the mens rea element of reckless homicide.

4. *Reckless homicide.*

■ a. Actual belief not wantonly or recklessly held = acquittal.

■ b. Wanton or reckless belief = reckless homicide, because a wanton belief could not elevate an offense with a mens rea element of recklessness to a higher offense, *i.e.* second-degree manslaughter, and a reckless belief makes self-protection unavailable as a defense to recklessness, the mens rea element of reckless homicide.

## III. SPECIMEN RECOMMENDED INSTRUCTIONS.

In view of the foregoing, the proper instructions in this case would have been substantially as follows:

### INSTRUCTION NO. 1
### AUTHORIZED VERDICTS

You shall find the Defendant not guilty under these Instructions unless you believe from the evidence beyond a reasonable doubt that he is guilty of one of the following offenses:

A. Murder under Instruction No. 3;

OR

B. First-degree manslaughter under Instruction No. 4;

OR

C. Second-degree manslaughter under Instruction No. 5 or Instruction No. 7B(2);

OR

D. Reckless homicide under Instruction No. 6 or Instruction No. 7B(1).

### INSTRUCTION NO. 2
### DEFINITIONS

*Intentionally*—A person acts intentionally with respect to a result or to conduct when his conscious objective is to cause that result or to engage in that conduct.

*Wantonly*—A person acts wantonly with respect to a result or to a circumstance when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

*Recklessly*—A person acts recklessly with respect to a result or to a circumstance when he fails to perceive a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation.

*Extreme Emotional Disturbance*—Is a temporary state of mind so enraged, inflamed, or disturbed as to overcome one's judgment, and to cause one to act uncontrollably from the impelling force of the extreme emotional disturbance rather than from evil or malicious purposes. It is not a mental disease in itself, and an enraged, inflamed, or disturbed emotional state does not consti-

tute an extreme emotional disturbance unless there is a reasonable explanation or excuse therefor, the reasonableness of which is to be determined from the viewpoint of a person in the Defendant's situation under circumstances as the Defendant believed them to be.

*Serious Physical Injury*—Means physical injury which creates a substantial risk of death, or which causes serious and prolonged disfigurement, prolonged impairment of health, or prolonged loss or impairment of the function of any bodily organ.

*Physical Force*—Means force used upon or directed toward the body of another person.

*Deadly Physical Force*—Means force which is used for the purpose of causing death or serious physical injury or which the Defendant knows to create a substantial risk of causing death or serious physical injury.

## INSTRUCTION NO. 3
## MURDER

You will find the Defendant guilty of Murder under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in this county on or about December 24, 1998 and before the finding of the Indictment herein, he killed John Allen Brown by stabbing him with a knife;

AND

B. That in so doing:

(1) He caused the death of John Allen Brown intentionally and not while acting under the influence of extreme emotional disturbance;

OR

(2) He was wantonly engaging in conduct which created a grave risk of death to another and thereby caused the death of John Allen Brown under circumstances manifesting an extreme indifference to human life.

AND

C. That he was not privileged to act in self-protection.

## INSTRUCTION NO. 4
## FIRST–DEGREE MANSLAUGHTER

If you do not find the Defendant guilty of Murder under Instruction No. 3, you will find the Defendant guilty of First–Degree Manslaughter under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in this county on or about December 24, 1998 and before the finding of the Indictment herein, he killed John Allen Brown by stabbing him with a knife;

AND

B. That in so doing:

(1) He intended to cause the death of John Allen Brown;

OR

(2) He did not intend to kill John Allen Brown, but intended to cause serious physical injury to John Allen Brown;

AND

C. That he was not privileged to act in self-protection.

## INSTRUCTION NO. 5
## SECOND–DEGREE MANSLAUGHTER

If you do not find the Defendant guilty under either Instruction No. 3 or Instruction No. 4, you will find the Defendant guilty of Second–Degree Manslaughter under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in this county on or about December 24, 1998 and before the finding of the Indictment herein, he killed John Allen Brown by stabbing him with a knife;

AND

B. That in so doing, he was acting wantonly as that term is defined in Instruction No. 2.

AND

C. That he was not privileged to act in self-protection.

## INSTRUCTION NO. 6
## RECKLESS HOMICIDE

If you do not find the Defendant guilty under Instruction No. 3 or Instruction No. 4 or Instruction No. 5, you will find the Defendant guilty of Reckless Homicide under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in this county on or about December 24, 1998, and before the finding of the Indictment herein, he killed John Allen Brown by stabbing him with a knife;

AND

B. That in so doing, he was acting recklessly as that term is defined in Instruction No. 2.

AND

C. That he was not privileged to act in self-protection.

## INSTRUCTION NO. 7
## SELF–PROTECTION

Even though the Defendant might otherwise be guilty of an offense described in Instruction No. 3, 4, 5, or 6, if at the time the Defendant killed John Allen Brown (if he did so), he believed that John Allen Brown was then and there about to use physical force upon him, he was privileged to use such physical force against John Allen Brown as he believed to be necessary in order to protect himself against it, but including the right to use deadly physical force in so doing only if he believed it to be necessary in order to protect himself from death or serious physical injury at the hands of John Allen Brown.

A. INITIAL AGGRESSOR QUALIFICATION:

Provided, however, if you believe from the evidence beyond a reasonable doubt that the Defendant was the initial aggressor in the use of physical force, the defense of self-protection is not available to him, unless:

(1) He did not initially intend to cause death or serious physical injury to John Allen Brown and his initial physical force was not such that he thereby created and knew he was creating a substantial risk of death or serious physical injury to John Allen Brown;

AND

(2) The force returned or threatened by John Allen Brown was such that the Defendant believed himself to be in imminent danger of death or serious physical injury.

B. WANTON OR RECKLESS BELIEF QUALIFICATION:

Provided further, however, if you believe from the evidence beyond a reasonable doubt that the Defendant was mistaken in his belief that it was necessary to use physical force against John Allen Brown in self-protection, or in his belief in the degree of force necessary to protect himself,

AND

(1) That when he killed John Allen Brown, he failed to perceive a substantial and unjustifiable risk that he was mistaken in that belief, and that his failure to perceive that risk constituted a gross deviation from the standard of

care that a reasonable person would have observed in the same situation, then, if you would otherwise find the Defendant guilty of Murder under Instruction No. 3, or First–Degree Manslaughter under Instruction No. 4, or Second–Degree Manslaughter under Instruction No. 5, you shall not find him guilty of that offense, but shall instead find him guilty of Reckless Homicide under this Instruction No. 7B(1) and so state in your verdict;

OR

(2) That when he killed John Allen Brown, he was aware of and consciously disregarded a substantial and unjustifiable risk that he was mistaken in that belief, and that his disregard of that risk constituted a gross deviation from the standard of care that a reasonable person would have observed in the same situation, then if you would otherwise find the Defendant guilty of Murder under Instruction No. 3, or First–Degree Manslaughter under Instruction No. 4, you shall not find him guilty of that offense, but shall instead find him guilty of Second–Degree Manslaughter under this Instruction No. 7B(2) and so state in your verdict.

INSTRUCTION NO. 8
PRESUMPTION OF INNOCENCE

A. The law presumes a defendant to be innocent of a crime and the Indictment shall not be considered as evidence or as having any weight against him. You shall find the Defendant not guilty unless you are satisfied from the evidence alone and beyond a reasonable doubt that he is guilty. If upon the whole case you have a reasonable doubt that he is guilty, you shall find him not guilty.

B. If you believe from the evidence beyond a reasonable doubt that the Defendant would be guilty of intentional Murder under Instruction No. 3B(1), except that you have a reasonable doubt as to whether at the time he killed John Allen Brown, he was or was not acting under the influence of extreme emotional disturbance, you shall not find the Defendant guilty of Murder under Instruction No. 3B(1), but shall find him guilty of First–Degree Manslaughter under Instruction No. 4B(1).

INSTRUCTION NO. 9
RIGHT TO REMAIN SILENT

A defendant is not compelled to testify and the fact that the Defendant did not testify in this case cannot be used as an inference of guilt and should not prejudice him in any way.

INSTRUCTION NO. 10
VERDICT

The verdict of the jury must be in writing, must be unanimous and must be signed by one of you as foreman.

This _____ day of _____

_____
JUDGE

FORM VERDICTS

NO. 1

We, the jury, find the Defendant not guilty.

_____
FOREPERSON

NO. 2

We, the jury, find the Defendant guilty of _____ under Instruction No. ____.

_____
FOREPERSON

The law is so certified.

LAMBERT, C.J., GRAVES, JOHNSTONE and WINTERSHEIMER, JJ., concur.

KELLER, J., concurs by separate opinion in which STUMBO, J., joins.

KELLER, Justice, Concurring.

This matter is before the Court on the Commonwealth's motion for certification of a question of law pursuant to Kentucky Constitution § 115[1] and Civil Rule 76.37(10).[2] In accordance with CR 76.37's procedural requirement that such motion set forth "[t]he questions of law to be answered,"[3] the Commonwealth stated:

The question of law to be answered is whether an instruction on Assault Fourth Degree was properly given as a "lesser included offense" in the jury trial of *Commonwealth v. William Hager, Jr.,* Case No. 99CR267, wherein the Defendant was tried by the jury for Murder, KRS 507.020.

Accordingly, the sole argument raised by the Commonwealth in its brief reads: "The Respondent was not entitled to an instruction of Assault in the Fourth Degree where the evidence was undisputed that the victim was deceased."

As the evidence submitted at Hager's trial for murder required the trial court to instruct the jury regarding both self-de-

fense and lesser included, unintentional homicide crimes, this Court granted certification in order to eliminate the confusion resulting from *Elliott v. Commonwealth*[4] by clarifying how KRS 503.120(1) applies to the offenses of second degree manslaughter and reckless homicide.[5] Although the scope of the opinion would suggest otherwise, we did not grant certification to engage in a "top-to-bottom" review[6] of all the jury instructions given in the case. Approximately two-thirds of the majority opinion criticizes alleged deficiencies in the instructions which were not even briefed by the parties and which are unrelated to either the narrow question framed for certification or the ancillary KRS 503.120(1) issue. Because I can see no legitimate reason for this needless criticism, I write separately.

In the first two paragraphs of its opinion, the majority fully and correctly answers the certified question: "[A] conviction of fourth-degree assault can only be obtained if the result of the assault is physical injury, not death."[7] After focusing upon unrelated instructions for the

1. "In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court, except that the commonwealth may not appeal from a judgment of acquittal in a criminal case, other than for the purpose of securing a certification of law...." Ky. Const. § 115.

2. "A request by the Commonwealth of Kentucky pursuant to Section 115 of the Constitution of Kentucky shall be initiated in the Supreme Court. The request shall be initiated within thirty (30) days of a final order adverse to the Commonwealth. The Commonwealth shall initiate the certification procedure by motion requesting the Supreme Court to accept the question(s) for review...." CR 76.37(10).

3. *See* CR 76.37(10) ("The motion shall contain the same elements as provided in this Rule, Section (3) for a certification order." *Id.*); CR 76.37(3) ("A certification order shall set

forth (a) The questions of law to be answered." *Id.*).

4. Ky., 976 S.W.2d 416 (1998).

5. The parties in this case acknowledge that the KRS 503.120 issue is intertwined with the question framed for certification: "The Commonwealth also requests that the Court set forth how the erroneous belief qualification should be applied to the crime of reckless homicide." Brief for Movant at 7.

6. The majority, without any request for certification, ruminates upon topics such as: the quality of instructions regarding the presumption of innocence; the breadth of terms to be defined within a separate instruction for definitions; the sequence in which instructions should be presented; the use of interrogatories, and the trial court's grammar.

7. Majority Opinion at 41 S.W.3d 837.

bulk of the opinion, the majority returns to an issue before us in Section II and explains how KRS 503.120(1) applies to the offenses of second degree manslaughter and reckless homicide. Although I have few substantive objections to the majority's analysis of the issues actually before this Court, I strongly object to the remaining portion of the majority opinion, which I can only rationalize as the majority's attempt to characterize the verdict in this case as a result of trial court error. If the purpose of this opinion is to allocate fault, I submit that this Court should accept its share.

It was this Court's failure to adequately address the issues before it in *Elliott* which requires us now to answer the questions we should have answered over two years ago.[8] At Hager's trial, the judge and all of the attorneys recognized that *Elliott* should govern the issue before them.[9] After turning to *Elliott*, however, everyone remained confused about one important question: What crime does a defendant who would otherwise be guilty of reckless homicide commit when he acts pursuant to a recklessly erroneous belief in his need for self-protection? I believe the trial court was unable to make this determination largely because this Court avoided this exact question in *Elliott* and, instead, unrealistically expected the trial courts of the Commonwealth to deduce the "correct" result without any precedential analysis which would allow them to do so.[10] This Court, therefore, shares the blame for the result in this case.

I write separately also to offer a suggestion which I believe would improve Form Verdict No. 2 as set out in the majority opinion. Although the majority opinion does not discuss the evidence introduced at trial in this case, it is important to note that the evidence would have supported a verdict of either intentional or wanton murder.[11] Accordingly, the trial court could properly combine both theories in one instruction. In another case where the evidence supports only intentional murder or only wanton murder, however, the murder instruction should include only the theory justified by the evidence. Because jury verdicts must be unanimous,

8. Although the majority asserts that this Court "has not specifically addressed how KRS 503.120(1) affects the defense of self-protection when asserted as a defense to an offense having wantonness or recklessness as a culpable mental state ... because it was not asserted in *Elliott* that the defendant was mistaken in his belief that he needed to act in self protection," Majority Opinion at 41 S.W.3d 842, the evidence in *Elliott*, an appeal from a conviction and indictment for reckless homicide, unquestionably raised an issue of whether Elliott reasonably believed "the degree of force used" was necessary: "There was evidence that Appellant then stomped [the victim], kicked him in the head, and otherwise beat him in excess of that necessary for his own self-protection." *Elliott v. Commonwealth*, Ky., 976 S.W.2d 416, 418 (1998). KRS 503.120, on its face, applies to wanton or reckless beliefs regarding "the degree of force used." KRS 503.120. Nonetheless, this Court reversed and remanded *Elliott*

without instructing the trial court as to how it should instruct the jury with regard to the erroneous belief qualification upon retrial of this reckless homicide charge. In the infamous footnote 3, however, this Court was kind enough to explain the effect of a recklessly erroneous belief in the need for self protection upon *every other degree* of criminal homicide.

9. The video trial record is clear on this point, and the attorneys and trial judge actually take turns reading the *Elliott* opinion on videotape.

10. In fact, it appears the trial court attempted to apply the scant analysis contained in *Elliott*'s footnote 3 as it searched for a crime to which reckless homicide could be "reduced."

11. The evidence also supported both theories for first-degree manslaughter, and they were also combined in one instruction.

combination instructions increase the risk of reversible error. In fact, this Court has reversed convictions in combination instruction cases where the instructions submit a theory not justified by the evidence and the jury's verdict does not indicate the theory upon which it found the defendant guilty.[12] A verdict form similar to the following can reduce this risk:

> We, the jury, find the defendant guilty of _____ under Instruction No. ____. [MURDER under Instruction No. 3B(1) or 3B(2); FIRST–DEGREE MANSLAUGHTER under Instruction No. 4B(1) or 4B(2); SECOND–DEGREE MANSLAUGHTER under Instruction No. 5 or 7B(2); or RECKLESS HOMICIDE under Instruction No.6 or 7B(1) ]

---

FOREPERSON

STUMBO, J., joins this concurring opinion.

---

**12.** *See Barbour v. Commonwealth,* Ky., 824 S.W.2d 861 (1992); *Ice v. Commonwealth,* Ky., 667 S.W.2d 671 (1984); *Hayes v. Commonwealth,* Ky., 625 S.W.2d 583 (1981).