## Gibson et al. v. Commonwealth.

(Decided January 20, 1931.)

JOHN W. CAUDILL for appellants.

J. W. CAMMACK, Attorney General, and HOWARD SMITH GENTRY for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

In a drunken brawl Bud Slone was killed. For it John Gibson and Tony Slone, the appellants, and Colonel Gibson were convicted of manslaughter. Colonel Gibson has dismissed an appeal filed by him. The appellants seek a reversal of the judgment upon several grounds.

A decision of the case does not require a statement of the facts except to say that it is claimed by the appellants that John Gibson shot Bud Slone in self-defense.

In the self-defense instruction the court advised the jury that, though they might believe and find from the evidence that one or more of the defendants had shot and killed Slone, yet, if he or they shot him when Slone was attacking them or either of them, or if he or they believed in the exercise of a reasonable judgment that he was about to inflict death or great bodily harm upon them, "and that there was no other reasonable means of escaping or warding off such danger, or to the defendants, or the one or ones so shooting, wounding and killing him, or aiding and assisting therein, exercising a reasonable judgment, there was no other apparent reasonable means of escaping or warding off such dangers," they should acquit the defendants on the ground of self-defense, defense of another, or apparent necessity.

While the word "escape" has a secondary meaning, synonymous with "warding off," in common parlance, or as construed according to its usual acceptation, it means to retreat or flee from danger. It is the tradition that a Kentuckian never runs. He does not have to.

The noted Kentucky jurist, John M. Harlan, wrote for the Supreme Court in Bear v. United States, 158 U. S. 550, 15 S. Ct. 962, 967, 39 L. Ed. 1086:

"The defendant was where he had the right to be, when the deceased advanced upon him in a threatening manner, and with a deadly weapon; and if the accused did not provoke the assault, and had at the time reasonable grounds to believe, and in good faith believed, that the deceased intended to take his life, or do him great bodily harm, he was not obliged to retreat, nor to consider whether he could safely retreat, but was entitled to stand his ground, and meet any attack made upon him with a deadly weapon, in such way and with such force as, under all the circumstances, he, at the moment, honestly believed, and had reasonable grounds to believe, were necessary to save his own life, or to protect himself from great bodily injury."

That doctrine of the law permeates the opinions of this court, and an instruction in almost the identical language to that given has been condemned in several cases; the more recent one being Caudill v. Commonwealth, 234 Ky. 142, 27 S. W. (2d) 705.

No other ground is considered on the appeal, and the case is reversed because of this error in the instruction.