COMMONWEALTH of Kentucky, Appellant,

v.

Michael STONE, Appellee.

Nos. 2007–SC–000107–DG, 2007–SC–000576–DG.

Supreme Court of Kentucky.

Aug. 27, 2009.

Jack Conway, Attorney General, David Wayne Barr, Assistant Attorney General, Office of Attorney General, Office of Criminal Appeals, Frankfort, KY, Counsel for Appellant.

Daniel T. Goyette, Louisville Metro Public Defender, Bruce P. Hackett, Deputy Appellate Defender, Office of the Louisville Metro Public Defender, Louisville, KY, Counsel for Appellee.

Opinion of the Court by Justice VENTERS.

Appellee, Michael Stone, and four co-defendants, Matthew Deck, Jeremy Ursry, Eddie Ursry, and Richard Holbeck, were charged with the murder of Lamartez Griffin. Appellee was convicted of first-degree manslaughter and tampering with

physical evidence [1] while the other defendants were acquitted. For these crimes, Appellee was sentenced to a term of eighteen years' imprisonment. The Court of Appeals reversed Appellee's manslaughter conviction on the grounds that the trial court had improperly admitted into evidence out-of-court statements from a non-testifying co-defendant, thereby violating Appellee's Sixth Amendment rights as enunciated in *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) and *Richardson v. Marsh*, 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). We granted the Commonwealth's motion for discretionary review of that issue. On cross-petition for discretionary review, Appellee presents two additional questions: first, whether the trial court erred by refusing to admit into evidence his entire out-of-court statement; second, whether the trial court should have granted his request for a "no duty to retreat" self-defense instruction.

We now affirm the decision of the Court of Appeals, although on different grounds.

### RELEVANT FACTS

On the evening of July 8, 2004, Lamartez Griffin, along with George Gray and two other men, became involved in a confrontation with Appellee and the four co-defendants. Aggressive words were exchanged, leading Eddie Ursry to physically attack Gray. After knocking Eddie Ursry to the ground, Gray and the two other companions fled the scene, leaving Griffin alone with Appellee and the four co-defendants. Griffin then picked up a large beer bottle, and holding it by its neck, struck Jeremy Ursry on the side of the head. The blow knocked Jeremy Ursry to the ground and shattered the beer bottle, leaving Griffin holding the sharp, jagged remains of the bottle. Appellee claimed that

Griffin then advanced toward him, wielding the shattered bottle as a weapon. Appellee told police that he took his knife from his pocket and held it ready to meet Griffin's attack. Whether Appellee thrust the knife towards Griffin, or Griffin lunged forward against the knife, is a matter of controversy. The result was that Griffin was stabbed by the knife. Appellee and his co-defendants fled. Griffin staggered away and fell, mortally wounded. Shortly afterwards, Appellee washed the knife and instructed Holbeck to hide it. Holbeck complied.

The resulting police investigation quickly led to the identification of the five defendants. Detective Larry Duncan interviewed the defendants, and all but Eddie Ursry gave a voluntary statement to the police. Charges were subsequently filed against the men and a joint trial was scheduled.

The trial court overruled the motions of each defendant for a separate trial. In anticipation of a trial in which none of the defendants would testify, the out-of-court statement of each defendant was carefully redacted to eliminate any references to the other defendants, in order to satisfy the Sixth Amendment right of each defendant under *Bruton* and *Richardson*.

The Commonwealth introduced the redacted statements into evidence through the testimony of Detective Duncan. On redirect examination, the prosecutor elicited from Duncan the following testimony, taken from the redacted portions of Holbeck's out-of-court statement:

> Commonwealth's Atty: I'm referring you to the page of [Holbeck's] statement; talking about the beer bottle shattered and all that, that series of

---

1. Holbeck was also convicted of tampering with physical evidence.

questions with [Holbeck's trial counsel]?

Detective Duncan: Yes

Commonwealth's Atty: All right. Immediately after Mr. Holbeck observed the bottle shattering he stated that the black male[2] began to do something. What did the black male begin to do?

Detective Duncan: He started backing up.

Commonwealth's Atty: The black male backed up after the bottle shattered?

Detective Duncan: Yes.

Commonwealth's Atty: And, in fact, he said it later didn't he, that the black male backed up, did he not?

Detective Duncan: Yes.

Appellee's objection to the foregoing testimony was overruled, and the questioning continued, bringing into evidence more of the previously redacted portions of Holbeck's statement:

Commonwealth's Atty: So Detective Duncan, I'll ask you again, after [Holbeck] said that [Griffin] backed up earlier in the statement, did [Holbeck] again say that [Griffin] was backing up after the beer bottle had been shattered?

Detective Duncan: He did.

Commonwealth's Atty: The black male?

Detective Duncan: The black male was backing away from ... (Note: Duncan does not complete the sentence.)

Because it found the statement that Griffin was "backing away" was, on its face, incriminating to Appellee, the Court of Appeals reversed Appellee's conviction. The Court of Appeals held that the introduction into evidence of those portions of Holbeck's previously-redacted statements nullified the effect of the redaction and thereby violated Appellee's Sixth Amendment right to confront the evidence given by his co-defendant under *Bruton* and *Richardson.* We agree with that outcome, but we base our decision on *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).[3]

## ANALYSIS

I. The Use At Trial Of A Co-defendant's Out–Of–Court Statement That The Victim Was "Backing Away" From The Appellee Violated Appellee's Sixth Amendment Right Of Confrontation

■ The Commonwealth argues that under the rules of *Bruton* and *Richardson,* the portion of Holbeck's statement quoted above was properly introduced into evidence. Appellee, on the other hand, argues that the statement is inadmissible under *Crawford,* that *Crawford* has "eclipsed" *Bruton* and *Richardson,* and now *Crawford* controls the admissibility of out-of-court statements in criminal cases. We again examine, as we did recently in *Rodgers v. Commonwealth,* 285 S.W.3d 740, 746 (Ky.2009), the intersection of *Bruton* and *Richardson,* with *Crawford,* to determine how each applies to the circumstances presented here.

First, we reiterate our recent holding in *Rodgers* that *Crawford* does not overrule the *Bruton* and *Richardson* line of authority. *Rodgers,* 285 S.W.3d at 746. They simply each apply to different circumstances. In *Rodgers,* we explained:

---

**2.** Griffin was the only African–American then present. Appellee and the four co-defendants are white.

**3.** Appellee presented the Court of Appeals with an argument under *Crawford,* but it ruled in his favor based on *Bruton* and *Richardson* without considering *Crawford.*

Simply put, *Crawford* and its progeny address the use of testimonial hearsay against a non-declarant. However, *Crawford* and its progeny do not address the use of a prior testimonial statement against the declarant himself, the question addressed in *Bruton, Richardson*, and *Gray*[4] and the issue presented here when (co-defendant's) statement was introduced against (co-defendant) himself in a joint trial.

*Id.* at 746.

*Bruton, Richardson*, and cases descending from them, address the dilemma that arises when two or more defendants are jointly tried, and one (or more) of them has made a voluntary out-of-court statement which the prosecution wishes to present as evidence at trial. While a defendant may be incriminated by his own voluntary out-of-court statement without offending the rule against hearsay or the Sixth Amendment right of confrontation, KRE 801A(b), *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the use of such statements against another defendant violates the hearsay rule, KRE 802, and, if the declarant is not subject to cross-examination, the Sixth Amendment right of confrontation. *Bruton*, 391 U.S. at 129, 88 S.Ct. 1620; *Terry v. Commonwealth*, 153 S.W.3d 794, 799 (Ky.2005).

The *Bruton/Richardson* line of cases resolves the dilemma, preserving the advantages of joint trials, by allowing the trial court to admit the statement into evidence after redacting from it any direct or implied reference to another defendant, and any section which, on its face, incriminates another defendant. *Richardson* holds that an out-of-court statement of a defendant which incriminates another defendant only through its "linkage" to other evidence need not be redacted, *if* a limiting instruction is given to admonish the jury not to consider the statement as evidence against any defendant other than the declarant. *Richardson*, 481 U.S. at 207–208, 107 S.Ct. 1702. A defendant's out-of court statement can only be used against a co-defendant if the defendant is subject to cross-examination. *Bruton*, 391 U.S. at 125, 88 S.Ct. 1620; *Richardson*, 481 U.S. at 201, 107 S.Ct. 1702.

*Crawford*, on the other hand, applies when the out-of-court statement is offered as evidence against a defendant *other than the declarant*. *Crawford* holds that a defendant is denied his Sixth Amendment right to confront his accusers by the introduction into evidence of an out-of-court "testimonial statement" made by a declarant who is unavailable for cross-examination. *Crawford*, 541 U.S. at 69, 124 S.Ct. 1354. Although *Crawford* does not precisely define "testimonial hearsay" statements, it states:

[The Confrontation Clause] applies to "witnesses" against the accused—in other words, those who "bear testimony." ... "Testimony," in turn, is typically "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not. The constitutional text, like the history underlying the common-law right of confrontation, thus reflects an especially acute concern with a specific type of out-of-court statement.... *Statements taken by police officers in the course of interrogations are also testimonial under even a narrow standard.*

*Id.* at 51–52, 124 S.Ct. 1354. (Emphasis added) (Citations omitted).

4. *Gray v. Maryland,* 523 U.S. 185, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998)

The Commonwealth contends that Holbeck's statement did not, on its face, incriminate Appellee, but does so only when linked to other evidence in the case, and thus under *Bruton* and *Richardson,* may be admitted into evidence with an appropriate limiting instruction to protect Appellee. That argument misses the point because, as the Court of Appeals observed, the statement at issue was introduced, "not for the purpose of incriminating Holbeck but solely to incriminate (Appellee) by refuting his claim that the victim was 'coming after me with a bottle.' " Any incriminating effect of the statement on Holbeck was purely coincidental to its effect on Appellee because Holbeck and the other defendants were charged only as accomplices to Appellant. The only way the Commonwealth could convict Holbeck was to prove that Appellee committed the homicide.

The *Bruton/Richardson* analysis, which functions to *prevent* the out-of-court statement from incriminating the non-declarant defendant, cannot operate when, as in this case, the only purpose for admitting the statement was to incriminate the non-declarant. A vital element of *Bruton/Richardson* is the limiting instruction—the admonition that the jury may consider the statement as evidence against the declarant, but not against the defendant. *Richardson,* 481 U.S. at 207, 107 S.Ct. 1702. Such an admonition becomes irrational when the sole purpose of the statement is to incriminate the defendant.

The Commonwealth argues that we should not consider *Crawford* at all, citing federal cases holding that the redaction of an out-of-court statement that prevents *Bruton* error will also serve to prevent *Crawford* error. Indeed, we said as much in *Rodgers. Rodgers,* 285 S.W.3d at 746. However, that statement is intended to apply only in the context of a true *Bruton*

issue: the use of the statement only to incriminate the declarant. When the purpose of the statement is to incriminate the non-declarant, a *Bruton* redaction makes no sense. In that situation, *Crawford* must be considered. In *Schrimsher v. Commonwealth,* 190 S.W.3d 318, 324 (Ky. 2006) we tacitly recognized the possibility of *Crawford* error despite *Bruton* compliance, when we held that, "A redaction that is facially valid may still amount to a Sixth Amendment violation if it can only be reasonably interpreted as inculpating the defendant." (citation omitted).

Holbeck's statement that at the time of the stabbing, Griffin was "backing up" and "backing away" is exactly the sort of "testimonial" evidence that, under *Crawford,* violates the Sixth Amendment. It is a statement taken by police officers in the course of interrogation, made out-of-court, offered into evidence to prove the truth of the matter asserted, to establish the guilt of the accused. Holbeck was unavailable for cross-examination, and Appellant had had no previous opportunity to confront him through cross-examination. The use of his testimonial statement at trial violated Appellant's right under the Sixth Amendment, as enunciated in *Crawford.*

We therefore affirm the decision of the Court of Appeals to grant Appellee a new trial, although we do so under *Crawford,* not under *Bruton* and *Richardson.*

*II. Appellee Did Not "Open The Door" To Introduction Of The Redacted Hearsay Statement Of Co-defendant Holbeck*

 The Commonwealth argues that Appellee opened the door to the introduction of Holbeck's statement through his own cross-examination of Detective Duncan and thereby it waived his right to object to it. Generally stated, "opening the door" to otherwise inadmissible evidence is a form of waiver that happens

when one party's use of inadmissible evidence justifies the opposing party's rebuttal of that evidence with equally inadmissible proof. *See Purcell v. Commonwealth*, 149 S.W.3d 382, 399 (Ky.2004).

The Commonwealth introduced the redacted version of Appellee's own pretrial statement through the testimony of Detective Duncan. On Duncan's cross-examination, Appellee veered into the stricken portions of his own statement by asking the following:

> Appellee's Counsel: And [Appellee] describes the person who he eventually stabbed as hitting Jeremy Ursry over the head with a forty ounce beer bottle?
>
> Duncan: Yes.
>
> Appellee's Counsel: And [Appellee] described himself as standing near Jeremy at the time?
>
> Duncan: Yes.
>
> Appellee's Counsel: And [Appellee] described that when the bottle broke over Jeremy's head, the individual [victim] turned and came at him with what was left of the jagged bottle?"
>
> Duncan: Yes.

Appellee's own out-of-court statements, admissible if offered by the Commonwealth as statements of a party opponent, KRE 801A(b), were inadmissible hearsay when offered by Appellee. *Schrimsher*, 190 S.W.3d at 330–331. The Commonwealth neither objected nor requested an appropriate admonition, but instead used the occasion to elicit from Detective Duncan the previously redacted portion of Holbeck's statement that the victim was "backing away."

It is obvious from the statements provided to police by Appellee and his co-defendants that self defense, and the question of who was advancing and who was "backing away" would be the major issue with respect to Appellee's guilt. Appellee's pretrial statement that the victim "came at" him created no additional or new issue of fact. The Commonwealth was justified to offer countervailing proof that the victim was "backing away," but the Commonwealth was not free to disregard the hearsay rule in so doing. *See* 1 Mueller & Kirkpatrick, *Federal Evidence*, § 1:12, 75–76 (3d ed.2007), which states:

> The open door doctrine does not pave the way for responsive evidence just because it fits in the same general category as evidence already admitted. For example, admitting hearsay from one side does not mean the other side can offer hearsay.... The question in each case is not whether initial proof shares some common quality with proof offered in response. Rather, it is whether the latter answers the former, and whether it does so in a reasonable way without sacrifice of other important values.

Appellee's misuse of his own self-serving out-of-court statement that the victim "came at him" did not invite a response that would allow the introduction of Holbeck's hearsay statement, especially at the expense of the important Constitutional values embedded in the Sixth Amendment.

Appellee's introduction of his own statement did not authorize the Commonwealth's use of Holbeck's statement.

### III. The Redaction Of Appellee's Own Statement Did Not Infringe Upon His Right To Present A Defense

■ Appellee contends that the redaction of his own statement in order to satisfy the Sixth Amendment rights of his co-defendants infringed upon his right to present a complete defense. He argues that the redaction of his statement kept the jury from hearing his entire version of the events in its proper context, and therefore left the jury with an incomplete un-

derstanding of his self-defense claim. He relies upon KRE 106, the Rule of Completeness, and *Crane v. Kentucky,* 476 U.S. 683, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986). We find no support in those cites for Appellee's contention. In *Crane,* the defendant challenged the credibility of his confession, alleging that it had been coerced and was therefore unreliable. He was denied the opportunity to testify on that point. The United States Supreme Court held that he had a right to present evidence to explain the circumstances in which the confession had been obtained. *Id.* at 690, 106 S.Ct. 2142.

As *Schrimsher* explains, KRE 106 allows a defendant to offer into evidence portions of his own inadmissible hearsay statement only to the extent that the portion admitted into evidence by the opposing party created a misleading or incomplete impression of the statement. 190 S.W.3d at 330–331. KRE 106 does not provide that, "by introducing a portion of the defendant's confession in which the defendant admits the commission of a criminal offense, the Commonwealth opens the door for the defendant to use the remainder of that out-of-court statement for the purpose of asserting a defense without subjecting it to cross-examination." *Id.,* at 331; *See Rodgers,* 285 S.W.3d at 748.

The redacted version of Appellee's statement introduced by the Commonwealth fairly and completely presented to the jury Appellee's statement that he stabbed the victim in self-defense. The redaction did not leave the jury with a false or misleading impression, so as to require supplementation. *Commonwealth v. Collins,* 933 S.W.2d 811, 814 (Ky.1996) (holding that the objective of KRE 106 is to prevent a misleading impression as a result of incomplete reproduction of a statement or document).

■ Appellee was free to testify at trial and fully present the facts as he understood them to be. His right to present a defense was not violated by the joint trial, nor was it violated by the trial court's refusal to allow into evidence his entire out-of-court statement, unconstrained by the rules of evidence. Decisions under KRE 106 are reviewed on appeal for abuse of the trial court's discretion. *Id.* at 331. We discern no abuse of discretion in the trial court's proper denial of Appellee's request to introduce his entire out-of-court statement.

## IV. *Appellee Was Not Entitled To A "No Duty To Retreat"*

### *Instruction*

■ Finally, Appellee argues in his cross-appeal that the jury should have been instructed that a person entitled to act in self-protection is not obligated to retreat, but is entitled to stand his ground and meet, with physical force, any attack on him. The principle upon which Appellee relies is a settled aspect of Kentucky common law. *See Gibson v. Commonwealth,* 237 Ky. 33, 34 S.W.2d 936 (1931) (holding that "[i]t is the tradition that a Kentuckian never runs. He does not have to."). In *Hilbert v. Commonwealth,* 162 S.W.3d 921, 926 (Ky.2005) we held that when the trial court adequately instructs the jury on self-defense, a "no duty to retreat" instruction is unnecessary. In *Rodgers,* 285 S.W.3d at 756, we declined the opportunity to overrule *Hilbert,* and we find no special circumstances presented here that compels us to a different result. The jury was properly instructed on the law of self-defense in accordance with *Commonwealth v. Hager,* 41 S.W.3d 828, 846 (Ky.2001).

■ In 2006, several months after Appellee's trial, and two years after the inci-

dent that took Griffin's life, the "no duty to retreat" tradition was codified by the enactment of KRS 503.050(4). We directly addressed this question in *Rodgers,* and concluded that any change of the "no duty to retreat" doctrine created by the 2006 amendment of KRS 503.050(4) was a change to the substantive law, and therefore has no retroactive application. Id. at 765.

Upon retrial, Appellant is not entitled to a "no duty to retreat" instruction.

### CONCLUSION

For the reason set forth above, we affirm the opinion of the Court of Appeals and remand this matter to the Jefferson Circuit Court for further proceedings consistent with this decision.

All sitting. All concur.